**Nicholas F. Aldrich, Jr.,** OSB #160306
Email: naldrich@schwabe.com
**Thomas M. Triplett**, OSB #651256
Email: ttriplett@schwabe.com
**Angela E. Addae**, OSB # 163335
Email: aaddae@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Facsimile: 503-796-2900

*Attorneys for Soul'd Out Productions, LLC.*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **SOUL'D OUT PRODUCTIONS, LLC,**  an Oregon limited liability company,<br><br>        Plaintiff,<br><br>**v.**<br><br>**ANSCHUTZ ENTERTAINMENT GROUP, INC.** (a Colorado corporation); **THE ANSCHUTZ CORPORATION** (a Delaware corporation); **GOLDENVOICE, LLC** (a California company); **AEG PRESENTS, LLC** (a Delaware company); **COACHELLA MUSIC FESTIVAL, LLC** (a Delaware company),<br><br>        Defendants. | Case No.  3:18-cv-00598<br><br>**COMPLAINT FOR VIOLATIONS OF FEDERAL ANTITRUST STATUTES AND STATE LAW UNLAWFUL RESTRAINT OF TRADE, UNFAIR COMPETITION, AND TORTIOUS INTERFERENCE**<br><br><br>**DEMAND FOR JURY TRIAL** |

For its Complaint, Plaintiff Soul'd Out Productions ("Plaintiff") states and alleges as

follows:

Page 1 -    COMPLAINT FOR ANTITRUST, UNLAWFUL
RESTRAINT OF TRADE, UNFAIR COMPETITION,
AND TORTIOUS INTERFERENCE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

## NATURE OF THE CASE

1.      This is an action alleging antitrust, unfair competition, tortious interference, and unlawful restraint on trade arising from the deliberate use of contractual agreements to engage in anticompetitive behavior and to create an illegal monopoly in the market for live music festival concert performances.

2.       Defendants Anschutz Entertainment Group, Inc. (AEG), The Anschutz Corporation, Goldenvoice, LLC, AEG Presents, LLC, Coachella Music Festival, LLC, and those John Doe Defendants in concert with them (collectively "Defendants") collectively operate one of the largest, open-air music festivals in the world—a festival that takes place annually in Indio, Southern California known as the Coachella Valley Music and Arts Festival ("Coachella").  The festival lasts for two weekends each April, and involves performances by numerous music artists.

3.      Traditional music festivals, such as Lollapalooza, Bonnaroo, and Coachella, are large open-air events hosted over a few days in a single outdoor venue.  Typically, these large outdoor festivals feature artists that span a variety of music genres.

4.      As one of the largest music festivals in the world, Coachella is a sought after performance opportunity for many rising artists.  For example, Coachella's 2017 revenues were record setting: the festival was attended by 250,000 people and grossed $114.6 million.  Coachella's ticket prices range between $429 and $999 for the 2018 festival.

5.      Coachella features musical artists from several genres of music, as well as art installations and sculptures. Coachella invites these artists to perform at the festival, but only on strict condition that the artists not perform at any other music festival in any state on the entire West Coast of the United States, in addition to Arizona and Nevada, for nearly half the year

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

surrounding their performance at Coachella.  These terms are effectuated through a "radius clause" that is drafted into Defendants' standard agreements with these artists (the "Radius Clause").

6.      Radius clauses such as the one in Defendants' agreements are expressly forbidden by California.  Moreover, the scope of Coachella's Radius Clause is an unlawful restraint on trade, meant to use Coachella's market power in the music festival market to suppress competition by other festivals.

7.      As further detailed herein, Plaintiff presents what it calls the Soul'd Out Music Festival in Portland, Oregon.  Unlike traditional music festivals, the Soul'd Out Music Festival is a multivenue event that hosts simultaneous concerts in eleven different clubs and theaters around Portland.  Attendance in many of these venues numbers in the hundreds, as opposed to, in the case of large festivals like Coachella, the hundreds of thousands.  Artists participating in the Soul'd Out Music Festival represent a narrow set of genres—primarily those associated with "soul music" such as jazz, reggae, and hip hop.

8.      Plaintiff's Soul'd Out Music Festival promotes local, independent venues and it draws a predominantly regional audience.  The Soul'd Out Music Festival has grossed under $2 million in its history, and in 2017, tickets ranged from $25-95.

9.      Though the Soul'd Out Music Festival occurs more than 1000 miles away from Coachella, Plaintiff's business activities have been substantially inhibited by Defendants' anticompetitive behavior.  For example, numerous artists have declined to perform at the Soul'd Out Music Festival, and have cited the unlawful Radius Clause in their contracts with Coachella as the sole reason that they cannot do so.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

10.    The Radius Clause in the Coachella performance agreements is one of the means by which Defendants restrain trade in violation of federal antitrust laws.  Defendants have also engaged in illegal tying between its concert venues.  For example, upon information and belief, Defendants selectively waive the Radius Clause where artists perform at other venues where Defendants receive financial remuneration or other benefits for such performances, but decline to allow such waivers where there is no benefit to Defendants.

11.    By way of this lawsuit, Plaintiff seeks: (i) declaratory judgment that the Radius Clause in Defendants' agreements is void, invalid, and unenforceable; (ii) an injunction enjoining Defendants from further enforcement of the Radius Clause and from taking any other action preventing artists from participating in or performing at the Soul'd Out Music Festival; (iii) an award of treble damages as a result of Defendants' antitrust violations and anticompetitive behavior; and (iv) an award of costs and attorneys' fees.

## THE PARTIES

12.    Plaintiff Soul'd Out Productions, LLC, is a limited liability company duly organized and existing under the laws of the State of Oregon, with its principal place of business in Portland, Oregon.  Plaintiff is in the business of, among other things, the marketing, promotion, and hosting of live music concerts.

13.    Defendant The Anschutz Corporation ("Anschutz") is a corporation duly organized and existing under the laws of the State of Delaware, with an address at 555 17th Street, Suite 2400, Denver, Colorado 80202.

14.    Defendant Anschutz Entertainment Group, Inc. ("AEG") is a corporation duly organized and existing under the laws of the State of Colorado, with an address at 555 17th

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

Street, Suite 2400, Denver, Colorado 80202.  Anschutz Entertainment Group, Inc. operates as a subsidiary of Anschutz.

15.    Defendant AEG Presents, LLC, is a limited liability company duly organized and existing under the laws of the State of Delaware, with an address at 800 West Olympic Boulevard, Suite 305, Los Angeles, California 90015.  AEG Presents, LLC was formerly known as AEG Live, LLC, and operates as a subsidiary of Anschutz.  It is the member of Goldenvoice.

16.    Defendant Goldenvoice, LLC ("Goldenvoice"), is a limited liability company duly organized and existing under the laws of the State of California, with an address at 800 West Olympic Boulevard, Suite 305, Los Angeles, California 90015.  Goldenvoice produces the Coachella Valley Music and Arts Festival.  Goldenvoice operates as a subsidiary of Anschutz.  It is the member of Coachella Music Festival, LLC.

17.    Defendant Coachella Music Festival, LLC, is a limited liability company duly organized and existing under the laws of the State of Delaware, with an address at 800 West Olympic Boulevard, Suite 305, Los Angeles, California 90015.  Coachella Music Festival, LLC operates as a subsidiary of Anschutz.

18.    Defendants are in the business of, among other things, producing, marketing, and promoting live entertainment events in clubs, theaters, arenas, festivals, and stadiums.

## JURISDICTION AND VENUE

19.    This Court has original subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises, in part, under Section 1 of the Sherman Act, 15 U.S.C. § 1.

20.    This Court also has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, and the Plaintiff is from a state different than all of the Defendants.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

21.     This Court has jurisdiction over Plaintiff's related state and common law claims because these claims are joined with substantial and related claims under federal antitrust law, and pursuant to the doctrine of supplemental jurisdiction, 28 U.S.C. § 1367.

22.     This Court has personal jurisdiction over all Defendants because the Defendants have purposefully directed their conduct at this forum with respect to the Radius Clause in its contractual agreements.  Plaintiff's claims all arise out of that conduct, and the exercise of jurisdiction over the Defendants is reasonable.  For example, the agreement issued by Defendants expressly prohibits artists from advertising, publicizing, or leaking any festival or themed event in the State of Oregon.

23.     Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this judicial district.

## FACTS COMMON TO ALL CLAIMS OF RELIEF

### A.     Background

24.     Plaintiff Soul'd Out Productions, LLC was co-founded in 2008 by Mr. Nicholas Harris and Mr. Haytham Abdulhadi.

25.     Since 2010, Plaintiff has hosted annually the Soul'd Out Music Festival, a multi-venue live music event in Portland, Oregon featuring a variety of soul, jazz, and hip-hop performers.

26.     Plaintiff solicits renowned artists to the Soul'd Out Music Festival, and the participation of prominent artists is key to the festival's success.  For example, in 2013, the American singer-songwriter commonly known as Prince served as the headliner for the festival.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

27.     Defendants have hosted the Coachella Valley Music and Arts Festival annually since 1999, with the exception of the year 2000.

28.     Coachella is held at the Empire Polo Club in Indio, California.  Indio is in Southern California, approximately 130 miles east by southeast of Los Angeles.  It is more than 1000 miles from Portland, Oregon.

29.     Coachella is hosted each April on consecutive three-day weekends, and the multi-stage event features artists from many genres of music, including rock, indie, hip-hop, and electronic dance music. In 2018, Coachella is scheduled to take place April 13-15 and April 20-22.

30.     Coachella has grown to become one of the largest music festivals in the world, and is a sought-after performance venue for rising artists.  According to concert industry data, Coachella has sold out each year since at latest 2006, resulting in 100% of tickets sold.  On average, Coachella results in gross annual profits of $49,036,183.

31.     Tickets to Coachella's 2018 festival went on sale June 2, 2017 and sold out within hours.

32.     On the other hand, the Soul'd Out Music Festival is not a single-venue outdoor music festival.   Instead, the Soul'd Out Music Festival hosts simultaneous concerts across several indoor venues, and it presents artists from a narrow set of genres.

**B.     Defendants' Unlawful Actions**

33.     As part of its standard agreement with artists, Defendants include a clause in the performance agreement for Coachella that restricts artists' performances both geographically and temporally ("Radius Clause"), the current version of which states as follows:

Artist shall not advertise, publicize or leak*:

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

b)      Any Festival** or Themed Event *** in the states of California, Nevada, Oregon, Washington or Arizona from December 15, 2017 until May 7, 2018.

34.      Upon information and belief, Defendants have extended this radius over time. For example, prior years' versions of the Radius Clause did not extend to Oregon and Washington.

35.      Upon information and belief, all artists who perform at Coachella must agree to be bound by this clause.

36.      By means of this clause, Defendants prohibit artists who seek to perform at Coachella from performing at any other festival or themed event within a distance that extends over 1300 miles, and for a period of nearly five months surrounding Coachella.  Such a clause has a substantial chilling effect on the market for music venues within the territory covered by the Radius Clause.

37.      For example, an independent study performed in 2012 concluded that radius clauses in music festival agreements are used as an anticompetitive practice.  The study analyzed the effects of radius clauses in the agreements used by the four major music festivals in the United States, one of which was Coachella.  It found that radius clauses have the possible effect of diminishing the ability of smaller firms affected by the contracts to attract enough popular bands to fill their schedule, perhaps leading to shut down.  The paper concluded that the exclusive dealing that the major American music festivals engage in has a negative effect on the local music venues in the affected cities, either through foreclosure, dampening competition, or increased barriers to entry.

38.      The study found that, by attracting artists to their events with larger payouts and bigger crowds, the major festivals such as Coachella lock the artist into a short-term exclusive

Page 8 -      COMPLAINT FOR ANTITRUST, UNLAWFUL
RESTRAINT OF TRADE, UNFAIR COMPETITION,
AND TORTIOUS INTERFERENCE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

deal preventing further concerts in a broad geographic area, depriving consumers of the benefit of local enjoyment of this mode of entertainment. The benefits to the festival are clear—forcing local residents to buy passes to the event if they want to enjoy their favorite band in the near future drives up demand. And because of the typically brief nature of a concert tour, competing venues will likely have trouble booking those acts again in the same year.

39.     Specifically, the study concluded that the greatest anticompetitive impact from all of the four large music festivals comes from Coachella.

40.     Moreover, Defendants' expansion of the Radius Clause to cover Oregon and Washington has had no pro-competitive effect, nor has it provided any benefit to Coachella. Both prior to and after its expansion of the Radius Clause to cover Oregon and Washington, Coachella sold 100% of its tickets and did so within a matter of hours after going on sale.

41.     Upon information and belief, Defendants engage in additional forms of anticompetitive behavior, such as selective waiver of the Radius Clause and tying. Specifically, upon information and belief, Defendants allow exceptions to the Radius Clause where artists seek to perform at other venues owned, operated, controlled, or in concert with Defendants, or in which Defendants earn a portion of the profits from such events, but enforce the Radius Clause selectively against festivals or themed events that have no association with Defendants.

42.     Because Defendants have substantial market power, they are able to coerce artists into agreeing to these unlawful restrictions on trade. As a result, those artists have lost the benefits of performing at competitive venues or festivals that exist on the West Coast. The restriction on the ability of these artists to choose performance venues has thus affected a substantial volume of commerce on the West Coast and has an anticompetitive effect on the

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

consumer, music venues and festivals on the West Coast, and promoters of such events—entirely as a consequence of Defendants' strong-arming and leveraging tactics.

### C.   The Harm to Plaintiff Caused by Defendants' Unlawful Actions

43.   On September 27, 2017, Tank and the Bangas, an American funk and soul musical group based in New Orleans, confirmed for a performance in Plaintiff's Soul'd Out Music Festival on April 18, 2018.

44.   Tank and The Bangas are also scheduled to perform at Coachella on April 13, 2018 and April 20, 2018. Tank and The Bangas were required to agree to the Radius Clause as a condition of their scheduled performance at Coachella.

45.   As of September 27, 2017, when Tank and The Bangas confirmed their attendance at the Soul'd Out Music Festival, the 2018 Coachella festival had already sold out.

46.   On January 29, 2018, Tank and the Bangas advised Plaintiff that they would no longer be able to perform, and cited the artists' agreement with Coachella as the reason for withdrawal.

47.   Similarly, on November 14, 2017, a booking agent declined Plaintiff's offer for American R&B singer-songwriter, SZA, to participate in the Soul'd Out Music Festival—again citing the refusal of the Defendants to waive the Radius Clause.

48.   By that date, the 2018 Coachella festival had already sold out.

49.   SZA is performing at Coachella on April 13, 2018 and April 20, 2018.

50.   On November 14, 2017, Plaintiff contacted Defendant Goldenvoice, requesting a waiver of the radius provision to allow SZA to perform at the Soul'd Out Music Festival.

51.   In a response on November 15, 2017, Defendant Goldenvoice responded that it refused to waive the Radius Clause to allow SZA to perform at the Soul'd Out Music Festival.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

52. At the time of Plaintiff's request for a waiver of the Radius Clause, tickets for the 2018 Coachella festival had already been sold out for several months.

53. Another artist, Daniel Caesar, also declined to perform at the Soul'd Out Music Festival, citing the Coachella Radius Clause.

54. Coachella clearly attempts to monopolize the market for popular music performance venues in the area covered by the Radius Clause—indeed, through management contracts it stifles competition over 1000 miles away, and for performances that are not open air festivals, such as Plaintiff's multiday, multivenue, indoor event.

55. As a result of Coachella's unlawful, anticompetitive, and monopolistic practices, Plaintiff has been unable to secure these artists for performances at its festival. Plaintiff must either replace these artists in its line-up with other artists, who do not have the allure of these artists, or pay more money to bring artists in who are not already scheduled to be on the West Coast during Plaintiff's festival.

56. Plaintiffs have also suffered reputational harm by means of having to change the lineup of their festival calendar by removing Tank and The Bangas from the roster.

57. In view of the anticompetitive effects of Defendants' activities, as detailed above, Plaintiff commences this action to have Defendants' contracts containing the Radius Clause found void, invalid, and unenforceable, and to prohibit Defendants from enforcing any such clause in their existing contracts.

58. These unlawful agreements unfairly leverage Defendants' dominance in greater Los Angeles to distort and deter competition more than 1000 miles away. The harm to competition from the Radius Clause is profound, immediate, and irreparable—and must be enjoined.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

## FIRST CLAIM FOR RELIEF

### (Violation of Federal Antitrust Statute, 15 U.S.C. § 1)

59.    Plaintiff incorporates by reference paragraphs 1 through 58 set forth above.

60.    Defendants had and have market power in the market for popular performance music venues in the geographic area covered by the Radius Clause, including the entire West Coast of the United States.

61.    Upon information and belief, each of the performance agreements between Defendants and the artists that are scheduled to play at Coachella contain the Radius Clause that prohibits them from performing between December 15, 2017 and May 7, 2018 in California, Oregon, Washington, Arizona, and Nevada.

62.    Each of the challenged agreements has, had, or is likely to have substantial and unreasonable anticompetitive effects in the relevant markets, including, but not necessarily limited to:

a.    Unreasonably restricting price and cost of competition among live concert venues by limiting or preventing live concert venues in competition with Coachella from obtaining talent, competitive prices, and costs for live concerts;

b.    Unreasonably restricting the ability of live concert venues to offer concerts to fans whatsoever unless subjected to Defendants' unfair business practices;

c.    Unreasonably limiting entry or expansion of competitors or potential competitors to Coachella in the states of California, Nevada, Oregon, Washington, or Arizona.

d.    Depriving local live concert venues and their customers from the benefits of free and open competition.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

e.  Depriving consumers of the opportunity to hear music of their choice in a live

venue because of the cost of attendance and travel.

f.  Depriving concert promoters of the opportunity to compete by bringing artists to

venues within the temporal and geographic scope of the Radius Clause.

63.    Any benefits to Defendants in these agreements do not outweigh the actual and

likely anticompetitive effects of the agreements.

64.    The agreements unreasonably restrain trade and interstate commerce in violation

of Section 1 of the Sherman Act, 15 U.S.C. § 1.

## SECOND CLAIM FOR RELIEF

### (Declaratory Judgment of Unlawful Restraint on Trade under California Law)

65.    Plaintiff incorporates by reference paragraphs 1 through 64 set forth above.

66.    An actual, present, and justiciable controversy has arisen and now exists between

Plaintiff and Defendants concerning the enforceability of the Radius Clause provisions in the

Coachella performance agreements.  Specifically, these provisions restrict artists' rights to

pursue a chosen profession and undermine competition in California and other surrounding states

in violation of Cal. Bus. & Prof. Code § 16600.

67.    The Radius Clause also has a direct impact on those who seek to enter into

agreements with artists who are subject to such clauses, by restricting their ability to do so.

68.    Unless the Radius Clause is declared void and invalid, artists who perform at

Coachella will be unable to engage in their chosen profession and provide entertainment that

customers desire because Defendants will seek to enforce the unlawful provisions of its

agreement against them.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

69.    Unless the Radius Clause is declared void and invalid, third parties who seek to engage such artists will be restricted from doing so under threat of common law claims of tortious interference.

70.    A judicial declaration is necessary so that Plaintiff and artists who seek to enter into agreements with Plaintiff may ascertain their respective rights, duties and future obligations.

### THIRD CLAIM FOR RELIEF

### (Restraint of Trade, Cal. Bus. & Prof. Code § 16720 *et seq*.)

71.    Plaintiff incorporates by reference paragraphs 1 through 70 set forth above.

72.    Defendants' conduct described above constitutes prohibited restraints on competition within the meaning of Cal. Bus. & Prof. Code § 16720(a) *et seq*. in that the conduct unreasonably restrains trade or commerce.

73.    Defendants engage in prohibited conduct such as (1) making artists think they are bound by an unenforceable or unlawful Radius Clause and (2) implementing schemes to deny artists access to fair employment and lawful competitors the ability to compete.

74.    As a direct and legal result of the unlawful actions of Defendants, the Plaintiff has been injured in its business, and Plaintiff has suffered damages.

75.    Pursuant to Cal. Bus. & Prof. Code § 16750, Plaintiff is entitled to treble damages, interest on actual damages, reasonable attorneys' fees, and costs of suit.

### FOURTH CLAIM FOR RELIEF

### (Unfair Competition, Cal. Bus. & Prof. Code § 17200 *et seq*.)

76.    Plaintiff incorporates by reference paragraphs 1 through 75 set forth above.

77.    Section 17200 of the California Business and Professions Code prohibits any unlawful or unfair business practice.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

78.    Defendants are corporations and businesses as defined under Cal. Bus. & Prof. Code § 17200, *et seq*.

79.    Defendants use a contractual restriction on the artists' ability to perform in California and other states, which predicates an unfair practice for an unfair-competition claim under Cal. Bus. & Prof. Code § 17200, *et seq*.

80.    Due to Defendants' unlawful and unfair business practices, Plaintiff and others similarly situated have suffered loss of rights, including the right to work or engage in fair competition.

81.    Plaintiff is entitled to fairly compete or work without fear or obligation to Defendants, who form a large conglomerate that has used, and continues to use, unlawful, unfair or deceptive business practices to restrict or eliminate fair competition and deter artists working in the music entertainment industry with a negative effect on other music festival venues on the West Coast.

82.    Defendants' unlawful and unfair practices include (1) making artists think they are bound by an unenforceable and unlawful Radius Clause and (2) implementing schemes to deny artists access to fair employment and lawful competitors the ability to compete.

83.    Defendants' acts set forth above constitute unfair and unlawful business practices within the meaning and scope of Cal. Bus. & Prof. Code § 17200, *et seq*.

84.    Defendants' unfair practices have caused artists to forebear at times exercising their right to work and Plaintiff the right to engage in fair competition.  In response to Defendants' unlawful and unfair acts, Plaintiff and artists have forfeited or limited the exercise of economic choice, including the right to engage in fair competition or the right to work.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

85.    Defendants' unlawful and unfair acts outlined above entitle Plaintiff to injunctive relief and reimbursement of attorneys' fees and costs incurred by Plaintiff.

## FIFTH CLAIM FOR RELIEF

**(Intentional Interference with Prospective Economic Advantage under California Law)**

86.    Plaintiff incorporates by reference paragraphs 1 through 85 set forth above.

87.    In or about November 2017, Plaintiff attempted to enter into contracts with artists in the music industry.  Plaintiff was informed and believed that there was a strong probability of future economic benefit from those business relationships.

88.    Defendants were aware of the Soul'd Out Music Festival at that time.

89.    Defendants were aware of the prospective economic relationships between Plaintiff and third-party artists who would seek to perform at the Soul'd Out Music Festival.

90.    With wrongful specific intent and improper motive, and without lawful privilege, Defendants engaged in intentional, reckless, or negligent acts designed to cause the artists not to engage in business transactions with Plaintiff.

91.    Defendants' knowing, reckless, or negligent acts that interfered with Plaintiff's prospective and actual economic relationships included, but were not limited to, Defendants falsely telling or otherwise implying to third-party artists that the artists were bound by lawful agreements with Defendants restricting their right to enter into performance agreements with Plaintiff.  Defendants' statements were unlawful because Defendants knew or should have known at the time of making such statements to the artists that the alleged agreements were void and unenforceable.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

92.     Defendants' intentional or reckless acts caused Plaintiff damage and entitle Plaintiff to an award of economic damages, including actual damages, lost profits, and injunctive relief.

## SIXTH CLAIM FOR RELIEF

### (Intentional Interference with Contractual Relations under California Law)

93.     Plaintiff incorporates by reference paragraphs 1 through 92 set forth above.

94.     In or about September 2017, Plaintiffs entered into a contractual relationship with third-party artists, Tank and The Bangas.

95.     Defendants were aware of Plaintiffs' existing economic relationships with Tank and The Bangas.

96.     With wrongful and specific intent or improper motive, and without lawful privilege, Defendants engaged in intentional, reckless, or negligent acts designed to interfere with the existing economic relationships between Plaintiff and Tank and The Bangas to otherwise cause said artists to breach their agreement with Plaintiff.

97.     Defendants' wrongful acts that tortiously interfered with Plaintiff's existing economic relationships included, but were not limited to, falsely telling or otherwise implying to Tank and The Bangas that they were bound by lawful agreements and such agreements did not permit artists to perform at the Plaintiff's music festival.

98.     Defendants' actions were wrongful because Defendants knew at the time or should have known that the alleged Radius Clause in the agreements between Defendants and artists was void and unenforceable under California and federal law.

99.     Defendants' interference caused a breach of contract and disrupted the contractual relationship enjoyed between Plaintiff and Tank and The Bangas.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

100.    Defendants' unjustified conduct was the moving or procuring cause of the breach of Tank and The Bangas's contract with Plaintiff.

101.    Defendants' conduct resulted in damages to Plaintiff including lost income and business opportunities.  Defendants' interfering conduct entitles Plaintiff to compensatory damages and injunctive relief.

## SEVENTH CLAIM FOR RELIEF

## (Intentional Interference with Economic Relations under Oregon Law)

102.     Plaintiff incorporates by reference paragraphs 1 through 101 set forth above.

103.    Plaintiff has had professional and business relationships with artists, including Tank and The Bangas, and with other prospective performers at its Soul'd Out Music Festival.

104.    Defendants tortiously interfered with those relationships by improper means and with improper purposes, including but not limited to, improper use of the illegal Radius Clause, tying, and selective waiver for economic gain.

105.    Defendants' actions were designed to cause injury within the State of Oregon, by prohibiting artists from performing in certain events over a period of time in the State of Oregon.

106.    Defendants' intentional and wrongful use of contractual agreements for the purpose of interfering with Plaintiff's economic relationships has damaged Plaintiff in an amount to be ascertained, and has caused ongoing and irreparable harm necessitating injunctive relief. Defendants' conduct was willful and done with deliberate and reckless disregard for Plaintiff's rights, such that Plaintiff is entitled to an award of punitive damages.

## EIGHTH CLAIM FOR RELIEF

## (Common Law Restraint of Trade under Oregon Law)

107.    Plaintiff incorporates by reference paragraphs 1 through 106 set forth above.

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

108.    Defendants' contractual agreements constitute unreasonable restraint on trade because they only afford protection of Defendants' interests and are broader in scope than necessary, such that the contractual agreements interfere with the interests of the public.

109.    As described above, the Radius Clause in Defendants' agreements is oppressive and not reasonably necessary to protect Defendants' legitimate interests.

110.    The Radius Clause imposes an additional and unreasonable hardship on the artists against whom they are asserted, and, by extension, Plaintiff who is unreasonably restricted in its rights to engage those artists in commerce.

111.    The agreements are injurious to the public and a violation of public policy because the public is deprived of the restricted artists' trade, and the artists are precluded from pursuing their occupation.

112.    Defendants' unlawful and unfair acts outlined above entitle Plaintiff to damages, injunctive relief, reimbursement of attorneys' fees, and costs incurred by Plaintiff.

## JURY DEMAND

113.    Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury of all issues so triable that are raised herein or which hereinafter may be raised in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.    Adjudging that the Radius Clause preventing artists from performing at venues within a geographic or temporal radius of Coachella is void, invalid, and unenforceable; or, at a minimum,

2.    Enjoining and restraining Defendants, their officers, directors, agents, servants, affiliates, employees, successors, assigns, parent and subsidiary companies, and

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900

representatives, and all those acting in privity or in concert or participation with
Defendants, from directly or indirectly:

      a.   Agreeing to, or enforcing performance contracts that contain any clause
prohibiting artists from performing at the Soul'd Out Music Festival in
Portland, Oregon;

      b.   Inhibiting or interfering with the performance of artists at the Soul'd Out
Music Festival in Portland, Oregon in any manner;

      c.   Engaging in any business practices, including those complained of herein,
which unfairly compete with or injure Plaintiff, its business, or the
goodwill appertaining thereto;

3.   Adjudging and decreeing that, given the circumstances, the performance contracts
containing the Radius Clause in the Defendants' agreements with artists that perform at
Coachella are violations of Section 1 of the Sherman Act, 15 U.S.C. § 1, Cal. Bus. &
Prof. Code § 17200, *et seq.*, and/or common law;

4.   Adjudging and decreeing that, given the circumstances, any contracts waiving the
Radius Clause for performances at venues owned, operated by, or operated in concert
with Defendants are violations of Section 1 of the Sherman Act, 15 U.S.C. § 1, Cal. Bus.
& Prof. Code § 17200, Cal. Bus. & Prof. Code § 16600, Cal. Bus. & Prof. Code § 16720,
and common law;

5.   Reforming Defendants' performance contracts to strike the illegal terms;

6.   Requiring Defendants to notify all artists with whom they have agreements that
the artists are allowed to perform at the Soul'd Out Music Festival without restriction;

7.   Awarding Plaintiff treble the amount of damages actually sustained by reason of

Page 20 -   COMPLAINT FOR ANTITRUST, UNLAWFUL
RESTRAINT OF TRADE, UNFAIR COMPETITION,
AND TORTIOUS INTERFERENCE

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

the antitrust violations alleged and/or such remedies as may be allowed under state laws;

   8.   Awarding Plaintiff its litigation expenses, including reasonable attorneys' fees, costs, and disbursements;

   9.   Granting such other relief as the case may require or as may be deemed proper and equitable.

Dated this 9th day of April 2018.          Respectfully submitted,

                                           SCHWABE, WILLIAMSON & WYATT, P.C.

                         By: *s/  Nicholas F. Aldrich*
                             Nicholas F. Aldrich, Jr., OSB #160306
                             Email: naldrich@schwabe.com
                             Thomas M. Triplett, OSB #651256
                             Email: ttriplett@schwabe.com
                             Angela E. Addae, OSB # 163335
                             Email: aaddae@schwabe.com
                             Telephone: 503-222-9981
                             Facsimile: 503-796-2900

                             *Of Attorneys for Plaintiff*
                             *Soul'd Out Productions, LLC*

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900