IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**SOUL'D OUT PRODUCTIONS, LLC**,

        Plaintiff,

        v.

**ANSCHUTZ ENTERTAINMENT GROUP, INC.; THE ANSCHUTZ CORPORATION; GOLDENVOICE, LLC; AEG PRESENTS, LLC; COACHELLA MUSIC FESTIVAL, LLC**,

        Defendants.

No. 3:18-cv-00598-MO

OPINION AND ORDER

**MOSMAN, J.**,

This matter comes before me on Defendants' Motion to Dismiss [18] Plaintiff's First Amended Complaint [17]. For the reasons stated on the record and the reasons stated below, I GRANT Defendants' Motion to Dismiss. Claims Three and Nine are dismissed with prejudice. The remaining claims are dismissed with leave to amend.

## DISCUSSION

As stated on the record, Plaintiff's antitrust and restraint of trade claims (Claims One, Two, and Four) are dismissed with leave to amend. After review, Plaintiff's state law claims for unfair competition (Claim Five), intentional interference with prospective economic advantage (Claim Six), and intentional interference with contractual relations (Claims Seven and Eight) are also dismissed with leave to amend.

The parties briefed and argued Plaintiff's standing to challenge the terms of contracts to which it was not a party or a third-party beneficiary. Plaintiff must have standing to challenge the contracts executed by Defendants in order to bring its state law claims that those contracts were unlawful restraints of trade (Claims Three and Nine). After reviewing the parties' supplemental briefings, I find that Plaintiff does not have standing to challenge the disputed terms of contracts formed between Defendants and parties that are not before the Court. The two cases Plaintiff cited in its supplemental briefing do not suggest otherwise. *See Applied Materials, Inc. v. Advanced Micro-Fabrication Equip. (Shanghai) Co.*, 630 F. Supp. 2d 1084 (N.D. Cal. 2009); *Application Grp., Inc. v. Hunter Grp., Inc.*, 72 Cal. Rptr. 2d 73 (Cal. Ct. App. 1998). Although third parties established standing to challenge the contracts in those cases, the facts and posture of the present case are distinguishable. Because Plaintiff cannot cure the lack of standing by amending its pleading, Plaintiff's unlawful restraint of trade claims (Claims Three and Nine) are dismissed with prejudice.

## CONCLUSION

For the reasons stated above, I GRANT Defendants' Motion to Dismiss [18], with prejudice as to Claims Three and Nine. The deadline for Plaintiff to file a Second Amended Complaint is October 25, 2018.


IT IS SO ORDERED.

DATED this __12__ day of October, 2018.


*/s/Michael W. Mosman*
MICHAEL W. MOSMAN
Chief United States District Judge