IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**SOUL'D OUT PRODUCTIONS, LLC**,

    Plaintiff,

    v.

**ANSCHUTZ ENTERTAINMENT GROUP, INC.; THE ANSCHUTZ CORPORATION; GOLDENVOICE, LLC; AEG PRESENTS, LLC;** and **COACHELLA MUSIC FESTIVAL, LLC**,

    Defendants.

No. 3:18-cv-00598-MO

OPINION AND ORDER

**MOSMAN, J.**,

This matter comes before me on Defendants' Motion to Dismiss [37] Plaintiff's Second Amended Complaint [35]. For the reasons stated on the record and the reasons stated below, I GRANT Defendants' Motion to Dismiss, with prejudice as to Claims One, Two, and Three. Claims Four, Five, Six, and Seven are dismissed with leave to amend.

**DISCUSSION**

For the reasons stated on the record, Plaintiff's antitrust claims (Claims One, Two, and Three) are dismissed with prejudice. Plaintiff's state law claims for intentional interference with prospective economic advantage (Claim Four), intentional interference with contractual relations

1 – OPINION AND ORDER

(Claim Five), intentional interference with economic relations (Claim Six), and unfair competition (Claim Seven) are dismissed with leave to amend.

Claims Four, Five, and Six of Plaintiff Soul'd Out's Second Amended Complaint assert intentional interference claims under Oregon and California law. A plaintiff alleging intentional interference with economic or contractual relations must plead that the defendant acted wrongfully "by some measure beyond the fact of the interference itself." *Della Penna v. Toyota Motor Sales, U.S.A., Inc.*, 902 P.2d 740, 751 (Cal. 1995); *Top Serv. Body Shop, Inc. v. Allstate Ins. Co.*, 582 P.2d 1365, 1371 (Or. 1978). Soul'd Out advanced four ways in which Defendant Anschutz Entertainment Group (AEG) acted wrongfully. The first three rationales rely on the illegality of the contract at issue in this case: Soul'd Out alleges that the contract violated (1) antitrust law, (2) California's statutory prohibition on restraint of trade (Cal. Bus. & Prof. Code § 16600), and (3) Oregon's common law prohibition on restraint of trade. Resp. [40] at 31. The first rationale fails because, as noted above, Soul'd Out has not plausibly alleged an antitrust violation. The second and third rationales fail because I previously decided that Soul'd Out lacks standing to challenge the contracts formed between AEG and parties not before the Court as illegal restraints of trade. Op. & Order [34].

Soul'd Out also alleged that AEG's acted wrongfully in "fraudulently informing artists that the Soul'd Out Music Festival is a 'festival' within the meaning of the Radius Clause, whereas it is not." Resp. [40] at 31. AEG responded by noting that Soul'd Out did not allege any facts to support its allegation that AEG acted fraudulently. Mot. Dismiss [41] at 32 n.10. I agree.

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The Second Amended Complaint provided no facts to support the allegation that AEG acted fraudulently. Nor is it reasonable to infer that AEG acted fraudulently if it told musicians that the Soul'd Out Festival was a "festival" as defined by the Radius Clause—Soul'd Out itself previously argued that it was such a festival. *See, e.g.*, Tr. [32] at 25 ("We're both popular music festivals, as defined by their radius clause . . . .").

Soul'd Out has failed to plausibly allege that AEG acted wrongfully and has therefore failed to state a claim for intentional interference. Because this defect could be amended by pleading sufficient factual matter to support the claim that AEG acted fraudulently, Claims Four, Five, and Six are dismissed with leave to amend.

Soul'd Out's final claim alleges that the contract at issue in this case violates California's Unfair Competition Law (UCL), which prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. For the same reasons that Soul'd Out failed to plausibly allege that AEG acted wrongfully for the purposes of an intentional interference claim, I find that Soul'd Out has not plausibly alleged that AEG violated the UCL by acting unlawfully, unfairly, or fraudulently. Like the intentional interference claims, this deficiency could be corrected in an amended pleading. Therefore, Claim Seven is dismissed with leave to amend.

## CONCLUSION

For the reasons stated above, I GRANT Defendants' Motion to Dismiss [37], with prejudice as to Claims One, Two, and Three. Claims Four, Five, Six, and Seven are dismissed with leave to amend. Plaintiff may file an amended complaint within thirty days of this Order.

IT IS SO ORDERED.

DATED this 14th day of March, 2019.

*Michael W. Mosman*
MICHAEL W. MOSMAN
Chief United States District Judge