**Nika Aldrich,** OSB #160306
Email: naldrich@schwabe.com
**Thomas M. Triplett**, OSB #651256
Email: ttriplett@schwabe.com
**Kathryn Kelly**, OSB #175162
Email: kkelly@schwabe.com
SCHWABE, WILLIAMSON & WYATT, P.C.
1211 SW 5th Avenue, Suite 1900
Portland, OR 97204
Telephone: 503-222-9981
Facsimile: 503-796-2900

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **SOUL'D OUT PRODUCTIONS, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**ANSCHUTZ ENTERTAINMENT GROUP, INC., et al.,**<br><br>Defendants. | Case No. 3:18-cv-00598-MO<br><br>**SOUL'D OUT PRODUCTIONS, LLC'S RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION TO DISMISS SECOND AMENDED COMPLAINT** |

Soul'd Out Productions, LLC responds to the notice filed last night in which Defendants identify *Ixchel Pharma, LLC v. Biogen, Inc.*, No. S256927, 2020 WL 4432623 (Cal. Aug. 3, 2020) as supplemental authority. (ECF 59.)

In short, Soul'd Out has alleged that Defendants unlawfully and unfairly interfered with Soul'd Out's business by enforcing a Radius Clause that was unlawful both in California, where Defendants' Coachella music festival is based, and also in Oregon, which is within the scope of

Page 1 -   SOUL'D OUT'S RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

the clause. Defendants enforced the illegal Radius Clause to prevent artists from performing with Soul'd Out. In the meantime, Defendants allowed those same artists to perform within the scope of the Radius Clause at venues that were owned or operated or promoted by Defendants. There are currently four claims pending:

> Claim IV: Intentional Interference with Prospective Economic Advantage under California Law (ECF 35, p. 60)
>
> Claim V: Intentional Interference with Contractual Relations under California Law (*id.*, p. 62)
>
> Claim VI: Intentional Interference with Economic Relations under Oregon Law (*id.*, p. 64)
>
> Claim VII: Unfair Competition Cal. Bus. & Prof. Code § 17200 (*id.* p. 65).

*Ixchel* is not dispositive of any of these claims, and does not warrant dismissal for several reasons.

First, Soul'd Out has alleged that the contracts were illegal under both California and Oregon law, and that enforcing such agreements therefore satisfies the "wrongfulness" element of some of these claims. Defendants' new theory is that the contracts are not illegal under California law under *Ixchel*. But *Ixchel* has no bearing on the illegality of the contracts under Oregon law. Enforcing a contract is wrongful if the contract is illegal, regardless of whether it is illegal under both Oregon and California law or just under Oregon law. Because each of the remaining claims pleads that the Radius Clause was illegal under Oregon law (*id.*, ¶¶ 321, 333, 345, 358), *Ixchel* is not dispositive of any of these claims.

Second, *Ixchel* states that where restraints of trade are implicated in commercial contracts between entities as opposed to individuals, "Section 16600 should … be read in accordance with the Cartwright Act to incorporate the same rule of reason in such cases." To invoke *Ixchel's* new rule, Defendants now argue that the artists in this case are all corporate entities and not individuals. But that fact is nowhere to be found in the pleadings, and there is no basis to take judicial notice of such allegations.

Third, Defendants argue that this Court has already dismissed Soul'd Out's Cartwright

Page 2 -   SOUL'D OUT'S RESPONSE TO DEFENDANTS'
          NOTICE OF SUPPLEMENTAL AUTHORITY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

Act (California antitrust) claim, and that this ruling should thus be dispositive of the issue of legality of the contracts under Section 16600. But this Court dismissed the Cartwright Act claims for lack of antitrust standing, not because the contracts were reasonable. (Hearing Tr., Mar. 3, 2012, pp. 44-46.) The Court also discussed whether Soul'd Out had sufficiently pleaded that AEG had market power. (*Id.,* pp. 46-47.) But, the Court did *not* hold that the contracts were reasonable. A plaintiff need not satisfy the high burden of showing that it has antitrust standing if it is not asserting an antitrust claim. Nor does *Ixchel* impose a "market power" requirement on its reasonableness standard under Section 16600—those terms never appear in the case. Under *Ixchel*, the plaintiff only needs to demonstrate that a contract restraining trade is unreasonable. *Ixchel*, at *16 ("In sum, a survey of our precedent construing section 16600 and its predecessor statute reveals that we have long applied a reasonableness standard to contractual restraints on business operations and commercial dealings."). Thus, the Court's prior disposition of the Cartwright Act claim is not dispositive of whether the Radius Clause was reasonable, and thus legal under Section 16600.

Fourth, *Ixchel* concerns solely whether the Radius Clause contracts that Defendants used were legal, which concerns whether their acts of interfering with Soul'd Out's business was wrongful. But *Ixchel* also holds that, unless a contract is terminable at will, wrongfulness is not an element of a claim for intentional interference with contract claim under California law. *Ixchel*, at *4. The Court should not dismiss Claim V for this additional reason.

Finally, *Ixchel* reinforces Soul'd Out's position on the "Timing Issue," which is central to Defendants' motion to dismiss these remaining state law claims. (*See* ECF 55, pp. 3-5.) Defendants have argued that they cannot be liable for tortious interference because the unlawful Radius Clause agreements were signed before Soul'd Out entered into relationships with the artists at issue. Soul'd Out has argued, relying on *Edwards v. Arthur Andersen LLP*, 44 Cal. 4th 937, 81 Cal. Rptr. 3d 282, 189 P.3d 285 (2008) that this is irrelevant—what matters is not when the illegal agreements were *signed*, but rather when Defendants *invoked* those illegal contracts to interfere with Soul'd Out's business. *Ixchel* discusses *Edwards* at length and reinforces this

Page 3 -   SOUL'D OUT'S RESPONSE TO DEFENDANTS'
           NOTICE OF SUPPLEMENTAL AUTHORITY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR 97204
Telephone: 503.222.9981
Fax: 503.796.2900

principle:

> The plaintiff in *Edwards* signed an agreement with his employer Arthur Andersen, which prohibited him from working for or soliciting certain clients of the firm for limited periods following his termination of employment. When HSBC acquired Arthur Andersen, it offered to employ Edwards on the condition that he sign a " 'Termination of Non-compete Agreement,' " which would effect a general release of claims against Arthur Andersen and, in turn, induce Arthur Andersen to release Edwards from the noncompetition agreement he had previously signed. When Edwards refused to sign the termination of noncompete agreement, Arthur Andersen fired him, and HSBC withdrew its offer to employ him. Edwards sued Arthur Andersen for interference with prospective economic advantage, claiming that the interference was wrongful because the underlying noncompetition agreement he signed was invalid under section 16600.
>
> ***We agreed*** . . .

*Ixchel*, at *15 (emphasis added, citations omitted). Thus, a defendant is liable for intentional interference if it knew about plaintiff's relationship with the third party when it *invoked and enforced* an illegal contract to interfere with the relationship—it is irrelevant whether defendant knew about the relationship when the illegal contract *was signed*.

For each of these reasons, the motion to dismiss should be denied with respect to the remaining state law claims.

Dated August 18, 2020.

                                Respectfully submitted,

                                SCHWABE, WILLIAMSON & WYATT, P.C.

                                By:  *s/ Nika Aldrich*
                                       Nika Aldrich, OSB #160306
                                       Email: naldrich@schwabe.com
                                       Thomas M. Triplett, OSB #651256
                                       Email: ttriplett@schwabe.com
                                       Kathryn Kelly, OSB #175162
                                       Email: kkelly@schwabe.com
                                       Telephone:  503-222-9981
                                       Facsimile: 503-796-2900

                                *Attorneys for Plaintiff*
                                  *Soul'd Out Productions, LLC*

Page 4 -    SOUL'D OUT'S RESPONSE TO DEFENDANTS'
           NOTICE OF SUPPLEMENTAL AUTHORITY

SCHWABE, WILLIAMSON & WYATT, P.C.
Attorneys at Law
1211 SW 5th Ave., Suite 1900
Portland, OR  97204
Telephone: 503.222.9981
Fax: 503.796.2900