Casey M. Nokes, OSB No. 076641
cnokes@cablehuston.com
CABLE HUSTON LLP
1455 SW Broadway, Suite 1500
Portland, OR 97201-3412
(503) 224-3092 Telephone
(503) 224-3176 Facsimile

Justin W. Bernick (Pro Hac Vice)
justin.bernick@hoganlovells.com
HOGAN LOVELLS US LLP
555 Thirteenth Street, NW
Washington, DC 20004
(202) 637-5600 Telephone
(202) 637-5910 Facsimile

*Attorneys for Defendants Anschutz Entertainment Group, Inc.;
The Anschutz Corporation; Goldenvoice, LLC; AEG Presents, LLC;
and Coachella Music Festival, LLC*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **SOUL'D OUT PRODUCTIONS, LLC,** an Oregon limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>**ANSCHUTZ ENTERTAINMENT GROUP, INC.** (a Colorado corporation); **THE ANSCHUTZ CORPORATION** (a Delaware corporation); **GOLDENVOICE, LLC** (a California company); **AEG PRESENTS, LLC** (a Delaware company); and **COACHELLA MUSIC FESTIVAL, LLC** (a Delaware company),<br><br>Defendants. | Case No. 3:18–cv– 00598-MO<br><br>**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT**<br><br>By Defendants Anschutz Entertainment Group, Inc.; The Anschutz Corporation; Goldenvoice, LLC; AEG Presents, LLC; and Coachella Music Festival, LLC |

**NATURE OF THE CASE**

1.      Defendants Anschutz Entertainment Group, Inc., The Anschutz Corporation, Goldenvoice, LLC, AEG Presents, LLC, Coachella Music Festival, LLC, (collectively "AEG" or "Defendants") state that Plaintiffs purport to bring this lawsuit alleging various allegations. To the extent that Paragraph 1 asserts any factual allegations, AEG denies them.

2.      AEG states that Plaintiffs purport to provide a definition of the term "Defendants." AEG admits that it operates a festival that has taken place in Indio, Southern California known as the Coachella Valley Music and Arts Festival ("Coachella") and that the festival has in some years taken place over two weekends in April, and has involved performances by numerous music artists. AEG lacks knowledge or information sufficient to form a belief as to the truth of the facts regarding its size relative to other promoters or Coachella's size relative to other open-air music festivals, and therefore denies such allegations. AEG denies the remaining allegations contained in Paragraph 2.

3.      AEG admits that Coachella is a music festival. AEG lacks knowledge and information sufficient to form a belief as to whether Coachella is a sought after performance opportunity for some rising artists and as to whether it is one of the largest music festivals in the world, and therefore denies such allegations. AEG admits that approximately 250,000 people attended Coachella's 2017 festival. AEG admits the third sentence in Paragraph 3. AEG denies the remaining allegations asserted in Paragraph 3.

4.      AEG admits that Coachella features musical artists from several genres of music, as well as interactive activations and installations. AEG admits that Coachella invites artists to perform at its festival and to sign artist contracts for the 2018 Coachella Music Festival. AEG states that the content of each artist contract for 2018 Coachella music festival speaks for itself. AEG denies the remaining allegations asserted in Paragraph 4.

1 – ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT

5.      AEG denies the allegations in Paragraph 5.

6.      AEG states that Plaintiffs purport to attach as Exhibit 1 a portion of an email from AEG's counsel. To the extent that Paragraph 6 asserts any factual allegations, AEG denies them.

7.      AEG admits that artist contracts for the 2018 Coachella music festival exist and AEG states that the content of each artist contract for the 2018 Coachella music festival speaks for itself. AEG denies any remaining allegations contained in Paragraph 7.

8.      AEG admits that artist contracts for the 2018 Coachella music festival exist and AEG states that the content of each artist contract for the 2018 Coachella music festival speaks for itself. AEG denies any remaining allegations contained in Paragraph 8.

9.      AEG admits that artist contracts for the 2018 Coachella music festival exist and AEG states that the content of each artist contract for the 2018 Coachella music festival speaks for itself. AEG denies any remaining allegations contained in Paragraph 9.

10.     AEG denies the allegations contained in Paragraph 10.

11.     AEG denies the allegations asserted in Paragraph 11.

12.     AEG denies the allegations asserted in Paragraph 12.

13.     AEG denies the allegations asserted in Paragraph 13.

14.     AEG lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 14.

15.     AEG lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 15.

16.     AEG lacks knowledge or information sufficient to form a belief as to the distance of Soul'd Out Productions from Coachella and statements artists have or have not made to Soul'd Out Productions. AEG denies the remaining allegations contained in Paragraph 16.

17.    AEG admits that some artists that have performed at Coachella have also performed at other events managed, owned, controlled, or promoted by AEG. AEG denies the remaining allegations contained in Paragraph 17.

18.    AEG states that Plaintiff purports to bring this action seeking various forms of relief, including an injunction enjoining AEG from further purported enforcement of the Radius Clause and from taking any other action preventing artists from participating in or performing at the Soul'd Out Music Festival; damages, including treble damages, resulting from AEG's purported antitrust violations; an award of costs, attorneys' fees, and investigative costs and expert witness fees. To the extent that Paragraph 18 asserts any factual allegations, AEG denies them.

## THE PARTIES

19.    AEG lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 19.

20.    AEG admits that The Anschutz Corporation is a corporation, is incorporated in Delaware, and that its address is 555 17th Street, Suite 2400, Denver, Colorado 80202. AEG denies any remaining allegations asserted in Paragraph 20.

21.    AEG admits that Anschutz Entertainment Group, Inc. is a corporation, is incorporated in Colorado, and it is a subsidiary of The Anschutz Corporation. AEG denies the remaining allegations asserted in Paragraph 21.

22.    AEG admits that AEG Presents, LLC was formerly known as AEG Live, LLC, and that it operates as an indirect subsidiary of The Anschutz Corporation. AEG admits that AEG Presents, LLC is a member of Goldenvoice, LLC. AEG denies the remaining allegations asserted in Paragraph 22.

23.     AEG admits that Goldenvoice, LLC operates as an indirect subsidiary of The Anschutz Corporation.  AEG admits that Goldenvoice, LLC is a member of Coachella Music Festival, LLC. AEG denies the remaining allegations asserted in Paragraph 23.

24.     AEG admits that Coachella Music Festival, LLC operates as an indirect subsidiary of The Anschutz Corporation. AEG denies the remaining allegations asserted in Paragraph 24.

25.     AEG admits that some of the Defendants are in the business of, among other things, producing, marketing, and promoting live entertainment events in clubs, theaters, arenas, festivals, and stadiums throughout the United States. AEG denies the remaining allegations asserted in Paragraph 25.

## JURISDICTION AND VENUE

26.     Paragraph 26 contains legal assertions relating to jurisdiction as to which no response is required. To the extent that a response is required, AEG denies the allegations asserted in Paragraph 26.

27.     Paragraph 27 contains legal assertions relating to jurisdiction as to which no response is required. To the extent that a response is required, AEG lacks information or knowledge sufficient to form a belief as to the truth of the allegations asserted in Paragraph 27, and therefore denies them.

28.     Paragraph 28 contains legal assertions relating to jurisdiction as to which no response is required. To the extent that a response is required, AEG denies the allegations asserted in Paragraph 28.

29.     Paragraph 29 contains legal assertions relating to jurisdiction as to which no response is required. To the extent that a response is required, AEG denies the allegations

asserted in Paragraph 29, except that AEG admits that artist contracts for the 2018 Coachella music festival exist and AEG states that the content of each artist contract for the 2018 Coachella music festival speaks for itself.

30.    Paragraph 30 contains legal assertions relating to venue as to which no response is required. To the extent that a response is required, AEG denies the allegations asserted in Paragraph 30.

## FACTS COMMON TO ALL CLAIMS OF RELIEF

### A.    The Live Music Industry

31.    AEG admits that the article "Supply responses to digital distribution: Recorded music and live performances" by Julie Holland Mortimer, Chris Nosko, and Alan Sorensen exists and AEG states that the content of the article speaks for itself. AEG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted in Paragraph 31, and therefore denies them.

32.    AEG admits that some artists book live performances as a concert tour, performing in multiple cities. AEG lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 32, and therefore denies them.

33.    AEG admits that concert promoters often book venues, arrange ticket sales, and do marketing for a concert. AEG denies the allegations asserted in the first sentence of Paragraph 33. AEG admits that some concert promoters enter into a contract with an artist to promote a concert in that local area. AEG denies any remaining allegations asserted in Paragraph 33.

34.    AEG admits that some concert promoters compete with certain other concert promoters for business. AEG also admits that sometimes more than one concert promoter will seek to become the promoter for a particular act. AEG also admits that some concert promoters

compete with each other based on their skills, their ability to book local venues, their marketing ability, and fees. AEG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted in Paragraph 34, and therefore denies them.

35.     AEG denies the allegations asserted in Paragraph 35.

36.     AEG denies the allegations asserted in the first sentence in Paragraph 36.  AEG lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in the remaining sentences in Paragraph 36, and therefore denies them.

37.     AEG denies the allegations asserted in Paragraph 37.

38.     AEG denies the allegations asserted in Paragraph 38.

39.     AEG lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 39, and therefore denies the same. AEG lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Footnote 1 of Paragraph 39, and therefore denies them.

40.     AEG admits that the term "hard-ticket" sales is at least sometimes used to refer to concert tickets that are associated with a particular artist performing that concert. AEG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted in Paragraph 40, and therefore denies them.

2.            The Concert Festival Market

41.     AEG admits that an open-air concert festival can involve a live music performance. AEG denies any remaining allegations contained in Paragraph 41.

42.     AEG admits that Coachella has been an open-air event hosted over a few days or weeks in a single outdoor venue and that has featured artists that span a variety of music genres.

AEG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted in Paragraph 42, and therefore denies them.

43.    AEG lacks knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they pertain to any entity other than AEG, and to the extent that they pertain to "many festivals," and therefore denies them. AEG admits that Coachella differs from single concerts in certain ways. AEG admits that Coachella has provided entertainment beyond just music, and that Coachella has offered food and beverages from a diverse selection of sources that may include restaurants, wineries, breweries, or food trucks. AEG denies the allegation asserted in the seventh sentence of Paragraph 43. AEG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted in Paragraph 43, including the footnote, and therefore denies them.

44.    AEG lacks knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they pertain to any entity other than AEG, and to the extent that they pertain to "many festivals" or "typical" festivals, and therefore denies them. AEG denies that all tickets for at least Coachella's 2018 festival have sold out before any artists were announced. AEG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted in Paragraph 44, and therefore denies them.

45.    AEG lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 45. To the extent that Paragraph 45 asserts any factual allegations against AEG, AEG denies them.

46.    AEG admits that the Ticketmaster.com article "How Far Have Fans Traveled to See the Artists They Love?" exists and AEG states that the content of the article speaks for itself. AEG also admits that the article "What It Really Costs to Attend Coachella" by Megan

Leonhardt exists and AEG states that the content of the article speaks for itself. AEG denies that the link provided in Paragraph 46, Footnote 3 supports the third sentence in Paragraph 46. AEG admits that concert-goers from all over the country, including southern California, have attended Coachella. AEG lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 46, to the extent they pertain to entities other than AEG, and therefore denies them. AEG denies any remaining allegations asserted in Paragraph 46.

47.     AEG admits that a Defendant has an arrangement with a company that operates Valley Music Travel. AEG denies the remaining allegations asserted in Paragraph 47.

48.     To the extent that the allegations asserted in paragraph 48 refer to AEG, AEG denies the allegations, except that AEG admits that in some years, Coachella has advertised nationally and has sought to attract festival-goers from across the country, and that tens of thousands of people have travelled to Coachella.  To the extent the allegations asserted in paragraph 48 do not relate to AEG, AEG lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies them. AEG denies any remaining allegations contained in Paragraph 48, and therefore denies them.

49.     AEG denies the allegations contained in the first sentence of Paragraph 49. AEG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted in Paragraph 49, and therefore denies them.

50.     AEG admits that the term "soft ticket" events is at least sometimes used to refer to festival tickets. AEG lacks knowledge or information sufficient to form a belief as to the frequency of the use of the term "soft ticket," and therefore denies the remaining allegations in Paragraph 50.

51.      To the extent that the allegations asserted in paragraph 51 refer to AEG, AEG denies the allegations, except that AEG admits that Goldenvoice's web site contains web pages for "shows" and "festivals." To the extent the allegations asserted in paragraph 51 do not relate to AEG, AEG lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies them.

52.      AEG lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 52, and therefore denies them.

### B.    Soul'd Out Productions

53.      AEG lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 53, and therefore denies them.

54.      AEG lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 54, and therefore denies them.

55.      AEG lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 55, and therefore denies them.

56.      AEG lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 56, and therefore denies them.

57.      AEG lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 57, and therefore denies them.

58.      AEG lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 58, and therefore denies them.

59.      AEG lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 59, and therefore denies them.

60.     AEG lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 60, and therefore denies them.

### C.     AEG and its affiliates

61.     AEG lacks knowledge or information sufficient to form a belief as to the truth of whether the entities comprise "the second largest presenter of live music and entertainment events in the world," and therefore denies the allegation. AEG denies the remaining allegations contained in Paragraph 61.

62.     AEG admits that Philip Anschutz owns the Anschutz Corporation and that Philip Aschutz's net worth was estimated by Forbes.com in 2019 to be over $11 billion. AEG denies that Philip Anschutz is listed as the 38th wealthiest person in the United States on the Forbes list. AEG lacks knowledge or information sufficient to form a belief as to the truth of whether Philip Anschutz is "one of the 100 largest landowners in the United States" and therefore denies the same. AEG admits that Philip Anschutz has invested in, among other things, petroleum and railroads. AEG denies the remaining allegations asserted in Paragraph 62.

63.     AEG admits that one of the Defendants owns Staples Center in Los Angeles, The 02 Arena in London, the StubHub Center in Carson, and that one of the Defendants indirectly owns the Mercedes-Benz Arena in Berlin and the Barclaycard Arena in Hamburg. AEG also admits that a Defendant operates the Verizon Theatre in Grand Prairie. AEG denies the remaining allegations asserted in Paragraph 63.

64.     AEG admits that one of the Defendants acquired PromoWest Productions. AEG denies the remaining allegations in Paragraph 64.

65.     AEG admits the AEG Presents website exists and AEG states that its content speaks for itself. AEG denies the remaining allegations asserted in Paragraph 65.

66.    AEG admits the AEG Presents website exists and its content speaks for itself. AEG admits that one of the Defendants owns at least a portion of Messina Touring Group, LLC. AEG denies any remaining allegations asserted in Paragraph 66.

67.    AEG denies the allegations asserted in Paragraph 67.

68.    AEG admits that one of the Defendants owns Goldenvoice, LLC. AEG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted in Paragraph 68, and therefore denies the same.

69.    AEG admits that one of the Defendants owns AXS Group, LLC and that AXS handles ticketing for some concert performances. AEG denies any remaining allegations asserted in Paragraph 69.

70.    AEG lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 70, and therefore denies the same. AEG admits that it operates the Showbox and Showbox SoDo in Seattle and that it promotes concerts at the Showbox and Showbox Sodo. AEG denies the remaining allegations asserted in Paragraph 70.

71.    AEG lacks knowledge or information sufficient to form a belief as to the truth of whether an "open air festival market" exists, and therefore denies the same. AEG admits that it has owned, operated, or promoted festivals in the United States. AEG denies the remaining allegations asserted in Paragraph 71.

72.    AEG admits the allegations contained in Paragraph 72.

73.    AEG admits that at least Coachella's 2018 festival was held at the Empire Polo Club in Indio, California. AEG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 73.

11 – ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT

74.    AEG admits that, at least in 2018, Coachella was hosted in April on two consecutive three-day weekends, and that it was a multi-stage event that featured artists from many genres of music, including rock, indie, hip-hop, and electronic dance music. Coachella admits the allegations contained in the second and third sentences of Paragraph 74. AEG denies any remaining allegations contained in Paragraph 74.

75.    AEG lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and second sentences of Paragraph 75, and therefore denies the same. AEG admits that Coachella's basic entrance fee was $399 in 2017 and $429 in 2018. AEG denies the remaining allegations asserted in Paragraph 75.

76.    AEG admits that Coachella's 2018 festival advance passes went on sale June 2, 2017 and sold out within hours, but denies that all tickets to Coachella's 2018 festival sold out on June 2, 2017. AEG admits that Coachella's line-up of artists was announced on January 3, 2018. AEG denies the remaining allegations asserted in Paragraph 76.

77.    AEG denies the allegations contained in Paragraph 77.

### D.    The Coachella Radius Clause and its Anticompetitive Effects

78.    AEG admits that it entered into artist contracts with artists for the 2018 Coachella music festival and AEG states that the content of the artist contracts for the 2018 Coachella music festival speaks for itself. AEG denies the remaining allegations contained in Paragraph 78.

79.    AEG denies the allegations contained in Paragraph 79.

80.    AEG denies that versions of the standard Radius Clause from at least 2014 did not extend to Oregon and Washington. AEG lacks knowledge or information sufficient to form a belief as to the truth of the allegations relating to the scope of the Radius Clause of contracts prior to 2014. AEG denies the remaining allegations contained in Paragraph 80.

81.     AEG admits that the Radius Clause exists and AEG states that the content of the Radius Clause in each artist's contract, to the extent an artist contract contained a Radius Clause, speaks for itself. AEG denies the remaining allegations contained in Paragraph 81.

82.     AEG admits that the Radius Clause exists and AEG states that the content of the Radius Clause in each artist's contract, to the extent an artist contract contained a Radius Clause, speaks for itself. AEG denies the remaining allegations contained in Paragraph 82.

83.     AEG admits that the Radius Clause exists and AEG states that the content of the Radius Clause in each artist's contract, to the extent an artist contract contained a Radius Clause, speaks for itself. AEG denies the remaining allegations contained in Paragraph 83.

84.     AEG denies the allegations contained in the first, second, and third sentences of Paragraph 84. AEG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted in Paragraph 84, and therefore denies them.

85.     AEG admits that the article "Exclusive Dealing and its Effects: The Impact of Large Music Festivals on Local Music Venues" by Scott Hiller exists and AEG states that the content of the article speaks for itself. AEG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted in Paragraph 85, and therefore denies them.

86.     AEG admits that the article "How the Music Industry Uses a Pervasive Secret Weapon to Keep Bands From Freely Touring" by Katie Bain exists and AEG states that the content of the article speaks for itself. AEG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted in Paragraph 86, and therefore denies them.

87.    AEG admits that the article "How the Music Industry Uses a Pervasive Secret Weapon to Keep Bands From Freely Touring" by Katie Bain exists and AEG states that the content of the article speaks for itself. AEG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted in Paragraph 87, and therefore denies them.

88.    AEG denies the allegations asserted in Paragraph 88.

89.    AEG admits that the article "Exclusive Dealing and its Effects: The Impact of Large Music Festivals on Local Music Venues" by Scott Hiller exists and AEG states that the content of the article speaks for itself. AEG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted in Paragraph 89, and therefore denies them.

90.    AEG admits that the article "Exclusive Dealing and its Effects: The Impact of Large Music Festivals on Local Music Venues" by Scott Hiller exists and AEG states that the content of the article speaks for itself. AEG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted in Paragraph 90, and therefore denies them.

91.    AEG admits that the article "Exclusive Dealing and its Effects: The Impact of Large Music Festivals on Local Music Venues" by Scott Hiller exists and AEG states that the content of the article speaks for itself. AEG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted in Paragraph 91, and therefore denies them.

92.    AEG denies the allegations contained in the last sentence of Paragraph 92. AEG admits that the article "Exclusive Dealing and its Effects: The Impact of Large Music Festivals

on Local Music Venues" by Scott Hiller exists and AEG states that the content of the article speaks for itself. AEG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted in Paragraph 92, and therefore denies them.

93.    AEG lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 93.

94.    AEG admits that the article "How the Music Industry Uses a Pervasive Secret Weapon to Keep Bands From Freely Touring" by Katie Bain exists and AEG states that the content of the article speaks for itself. AEG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted in Paragraph 94, and therefore denies them.

95.    AEG admits that the article "How the Music Industry Uses a Pervasive Secret Weapon to Keep Bands From Freely Touring" by Katie Bain exists and AEG states that the content of the article speaks for itself. AEG lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted in Paragraph 95, and therefore denies them.

96.    AEG denies the allegations contained in Paragraph 96.

97.    AEG admits that artists ODESZA, St. Vincent, War on Drugs, Portugal. The Man., David Byrne, Alt-J, Fleet Foxes, Chromeo, Migos, King Krule, and Tank & the Bangas all performed at Coachella in 2018 and received a contract prepared for their execution that was signed by Goldenvoice for Coachella's 2018 festival. AEG states that the content of each of the artists' contracts speaks for itself. AEG denies that the contract with Tank & the Bangas contained a radius or exclusivity clause. AEG also admits that ODESZA performed on April 21, 2018 at the Day Club Palm Springs, and that this was at a facility owned or operated by a

Defendant or at a concert or other event promoted by a Defendant. AEG also admits that ODESZA performed on March 29, 30, and 31, 2018 at the WAMU Theater, in Seattle, and that this was at a facility owned or operated by a Defendant or at a concert or other event promoted by a Defendant. AEG also admits that St. Vincent performed on April 11, 2018 at the Orpheum Theater, and that this was at a facility owned or operated by a Defendant or at a concert or other event promoted by a Defendant. AEG admits that War on Drugs performed on April 19, 2018 at the Fox Theater, and that this was at a facility owned or operated by a Defendant or at a concert or other event promoted by AEG. AEG admits that Portugal the Man performed on April 12, 2018 at the Fox Theater and that this was at a facility owned or operated by a Defendant or at a concert or other event promoted by a Defendant. AEG admits that Portugal the Man performed on April 21, 2018 at the Santa Barbara Bowl and that this was at a facility owned or operated by a Defendant or at a concert or other event promoted by a Defendant. AEG admits that Alt-J performed on April 16, 2018 at the Santa Barbara Bowl and that this was at a facility owned or operated by a Defendant or at a concert or other event promoted by a Defendant. AEG admits that Alt-J performed on April 19, 2018 at Humphrey's and that this was at a facility owned or operated by a Defendant or at a concert or other event promoted by a Defendant. AEG admits that Fleet Foxes performed on April 12, 2018 at the Warner Grand Theatre and that this was at a facility owned or operated by a Defendant or at a concert or other event promoted by a Defendant. AEG admits that Fleet Foxes performed on April 15, 2018 at Humphrey's and that this was at a facility owned or operated by a Defendant or at a concert or other event promoted by a Defendant. AEG admits that Fleet Foxes performed on April 17, 2018 at the Warner Grand Theatre and that this was at a facility owned or operated by a Defendant or at a concert or other event promoted by a Defendant. AEG admits that Chromeo performed on April 10, 2018 at the

Humphrey's and that this was at a facility owned or operated by a Defendant or at a concert or other event promoted by a Defendant. AEG admits that Chromeo performed on April 11, 2018 at the El Rey and that this was at a facility owned or operated by a Defendant or at a concert or other event promoted by a Defendant. AEG admits that Migos performed on April 16, 2018 at the Observatory and that this was at a facility owned or operated by a Defendant or at a concert or other event promoted by a Defendant. AEG admits that King Krule performed on April 20, 2018 at the Observatory and that this was at a facility owned or operated by a Defendant or at a concert or other event promoted by a Defendant. AEG denies the remaining allegations asserted in Paragraph 97.

98.    AEG denies the allegations contained in the first two sentences of Paragraph 98. AEG lacks knowledge or information sufficient to form a belief as to the remaining allegations asserted in Paragraph 98, and therefore denies them.

99.    AEG denies the allegations contained in Paragraph 99.

100.    AEG denies the allegations contained in the first sentence of Paragraph 100. AEG admits that the Radius Clause exists and AEG states that the content speaks for itself. AEG denies all remaining facts contained in Paragraph 100.

101.    AEG admits that a Defendant owns at least a portion of the registered trademark "Arroyo Seco Weekend." AEG admits that the Radius Clause for the 2018 Coachella music festival exists and AEG states that the content of the Radius Clause in each artist's contract, to the extent an artist contract contained a Radius Clause, speaks for itself. AEG admits that Kamasi Washington performed at Coachella in 2018. AEG admits that a Defendant announced that Kamasi Washington would perform at Arroyo Seco Weekend in 2018. AEG denies the remaining allegations asserted in Paragraph 101.

102.    AEG admits that the Radius Clause exists and AEG states that the content of the Radius Clause in each artist's contract, to the extent an artist contract contained a Radius Clause, speaks for itself. AEG denies any remaining allegations contained in Paragraph 102.

103.    AEG admits that it promotes other festivals besides Coachella and that it advertises artist performances for those festivals. AEG denies the remaining allegations contained in Paragraph 103.

104.    AEG denies the allegations contained in Paragraph 104.

105.    AEG admits that a piece on public radio titled "Coachella organizers bend rules on bands playing non-festival venues" by Steven Cuevas exists and AEG states that the content of the public radio piece speaks for itself. AEG denies the remaining allegations asserted in Paragraph 105.

106.    AEG admits that the article "How the Music Industry Uses a Pervasive Secret Weapon to Keep Bands From Freely Touring" by Katie Bain exists and AEG states that the content of the article speaks for itself. AEG denies any remaining allegations asserted in Paragraph 106.

107.    AEG lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in the first three sentences of Paragraph 107, and therefore denies them. AEG denies any remaining allegations contained in Paragraph 107.

108.    AEG denies the allegations contained in Paragraph 108.

109.    AEG admits that Ozzy Osbourne filed a class action lawsuit against AEG in 2018 and AEG states that the content of the complaint speaks for itself. AEG denies the remaining allegations contained in Paragraph 109.

110.     To the extent that the allegations asserted in paragraph 110 refer to AEG, AEG denies the allegations. To the extent the allegations asserted in paragraph 110 do not relate to AEG, AEG lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies them.

111.     AEG admits that the Radius Clause exists and AEG states that the content of the Radius Clause in each artist's contract, to the extent an artist contract contained a Radius Clause, speaks for itself.. AEG denies the remaining allegations contained in Paragraph 111.

112.     AEG admits the allegations contained in Paragraph 112.

113.     AEG lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 113.

114.     AEG lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 114.

115.     AEG lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 115.

116.     AEG admits that Tank and the Bangas was scheduled to perform at Coachella on April 13, 2018 and April 20, 2018. AEG denies the remaining allegations asserted in Paragraph 116.

117.     AEG denies the allegations asserted in Paragraph 117.

118.     AEG lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 118, and therefore denies them.

119.     AEG lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 119, and therefore denies them.

120.     AEG denies the allegations contained in Paragraph 120.

121.    AEG lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 121, and therefore denies them.

122.    AEG lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 122, and therefore denies them.

123.    AEG denies the allegations contained in Paragraph 123.

124.    AEG lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 124, and therefore denies them.

125.    AEG lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 125, and therefore denies them.

126.    AEG lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 126, and therefore denies them.

127.    AEG lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 127, and therefore denies them.

128.    AEG admits that on November 14, 2017, Haytham Abdulhadi sent an email to Jennifer Yacoubian and AEG states that the content of the email speaks for itself. AEG denies any remaining allegations asserted in Paragraph 128.

129.    AEG admits that on November 15, 2017, Morgan Donly sent an email to Haytham Abduladi, and AEG states that the content of the email speaks for itself. AEG denies any remaining allegations asserted in Paragraph 129.

130.    AEG denies the allegations asserted in Paragraph 130.

131.    AEG admits that SZA performed at Coachella on April 13, 2018 and April 20, 2018.

132.    AEG admits that artist contracts for 2018 Coachella music festival exist and AEG states that the contents of the artist contracts for the 2018 Coachella music festival speaks for themselves.  AEG denies the remaining allegations contained in Paragraph 132.

133.    AEG lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 133, and therefore denies them.

134.    AEG lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 134, and therefore denies them.

135.    AEG denies the allegations contained in Paragraph 135.

136.    AEG denies the allegations contained in Paragraph 136.

137.    AEG states that Plaintiff purports to bring this action seeking certain relief. To the extent Plaintiff asserts any factual allegations in Paragraph 137, AEG denies them.

138.    AEG denies the allegations contained in Paragraph 138.

139.    AEG states that Plaintiff purports to seek certain relief. To the extent Plaintiff asserts any factual allegations in Paragraph 139, AEG denies them.

## FIRST CLAIM FOR RELIEF

### (Violation of Federal Antitrust Statute, 15 U.S.C. § 1)

140.    The allegations contained in Paragraph 140 relate to a claim that has been dismissed pursuant to the Court's March 14, 2019 Order granting Defendants' motion to dismiss. ECF No. 45 at 1.  To the extent a response is required, AEG denies the allegations.

141.    The allegations in Paragraph 141 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 140.  To the extent a response is required, AEG denies the allegations.

142.     The allegations in Paragraph 142 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 140.  To the extent a response is required, AEG denies the allegations.

143.     The allegations in Paragraph 143 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 140.  To the extent a response is required, AEG denies the allegations.

144.     The allegations in Paragraph 144 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 140.  To the extent a response is required, AEG denies the allegations.

145.     The allegations in Paragraph 145 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 140.  To the extent a response is required, AEG denies the allegations.

146.     The allegations in Paragraph 146, including the allegations contained in each of its subparts, relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 140.  To the extent a response is required, AEG denies the allegations.

147.     The allegations in Paragraph 147 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 140.  To the extent a response is required, AEG denies the allegations.

148.     The allegations in Paragraph 148 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 140.  To the extent a response is required, AEG denies the allegations.

## COUNT 1

## (ANTICOMPETITIVE ACTS IN THE PACIFIC NORTHWEST CONCERT PROMOTER MARKET)

149.    The allegations in Paragraph 149 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 140.  To the extent a response is required, AEG denies the allegations.

150.    The allegations in Paragraph 150 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 140.  To the extent a response is required, AEG denies the allegations.

151.    The allegations in Paragraph 151 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 140.  To the extent a response is required, AEG denies the allegations.

152.    The allegations in Paragraph 152 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 140.  To the extent a response is required, AEG denies the allegations.

153.    The allegations in Paragraph 153 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 140.  To the extent a response is required, AEG denies the allegations.

154.    The allegations in Paragraph 154 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 140.  To the extent a response is required, AEG denies the allegations.

155.    The allegations in Paragraph 155 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 140.  To the extent a response is required, AEG denies the allegations.

156.    The allegations in Paragraph 156 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 140.  To the extent a response is required, AEG denies the allegations.

157.    The allegations in Paragraph 157 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 140.  To the extent a response is required, AEG denies the allegations.

158.    The allegations in Paragraph 158 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 140.  To the extent a response is required, AEG denies the allegations.

159.    The allegations in Paragraph 159 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 140.  To the extent a response is required, AEG denies the allegations.

160.    The allegations in Paragraph 160 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 140.  To the extent a response is required, AEG denies the allegations.

161.    The allegations in Paragraph 161 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 140.  To the extent a response is required, AEG denies the allegations.

**COUNT 2**
**(TYING)**

162.    The allegations in Paragraph 162 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 140.  To the extent a response is required, AEG denies the allegations.

163.    The allegations in Paragraph 163 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 140.  To the extent a response is required, AEG denies the allegations.

164.    The allegations in Paragraph 164 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 140.  To the extent a response is required, AEG denies the allegations.

165.    The allegations in Paragraph 165 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 140.  To the extent a response is required, AEG denies the allegations.

166.    The allegations in Paragraph 166 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 140.  To the extent a response is required, AEG denies the allegations.

167.    The allegations in Paragraph 167 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 140.  To the extent a response is required, AEG denies the allegations.

168.    The allegations in Paragraph 168 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 140.  To the extent a response is required, AEG denies the allegations.

169.    The allegations in Paragraph 169 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 140.  To the extent a response is required, AEG denies the allegations.

170.    The allegations in Paragraph 170 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 140.  To the extent a response is required, AEG denies the allegations.

171.    The allegations in Paragraph 171 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 140.  To the extent a response is required, AEG denies the allegations.

172.    The allegations in Paragraph 172 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 140.  To the extent a response is required, AEG denies the allegations.

173.    The allegations in Paragraph 173 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 140.  To the extent a response is required, AEG denies the allegations.

174.    The allegations in Paragraph 174 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 140.  To the extent a response is required, AEG denies the allegations.

175.    The allegations in Paragraph 175 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 140.  To the extent a response is required, AEG denies the allegations.

**COUNT 3**
**(QUICK LOOK)**

176.    The allegations in Paragraph 176 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 140.  To the extent a response is required, AEG denies the allegations.

177.    The allegations in Paragraph 177 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 140.  To the extent a response is required, AEG denies the allegations.

178.    The allegations in Paragraph 178 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 140.  To the extent a response is required, AEG denies the allegations.

179.    The allegations in Paragraph 179 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 140.  To the extent a response is required, AEG denies the allegations.

180.    The allegations in Paragraph 180 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 140.  To the extent a response is required, AEG denies the allegations.

181.    The allegations in Paragraph 181 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 140.  To the extent a response is required, AEG denies the allegations.

## COUNT 4

### (HORIZONTAL RESTRAINT AMONG FESTIVALS)

182.    The allegations in Paragraph 182 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 140.  To the extent a response is required, AEG denies the allegations.

183.    The allegations in Paragraph 183 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 140.  To the extent a response is required, AEG denies the allegations.

184.    The allegations in Paragraph 184 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 140.  To the extent a response is required, AEG denies the allegations.

185.    The allegations in Paragraph 185 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 140.  To the extent a response is required, AEG denies the allegations.

186.     The allegations in Paragraph 186 relate to a claim that has been dismissed, and therefore, no response is required.  See supra Paragraph 140.  To the extent a response is required, AEG denies the allegations.

## COUNT 5

## (WEST COAST MARKET)

187.    The allegations in Paragraph 187 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 140.  To the extent a response is required, AEG denies the allegations.

188.    The allegations in Paragraph 188 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 140.  To the extent a response is required, AEG denies the allegations.

189.    The allegations in Paragraph 189 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 140.  To the extent a response is required, AEG denies the allegations.

190.    The allegations in Paragraph 190 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 140.  To the extent a response is required, AEG denies the allegations.

## COUNT 6

### (HUB AND SPOKE)

191.    The allegations in Paragraph 191 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 140.  To the extent a response is required, AEG denies the allegations.

192.    The allegations in Paragraph 192 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 140.  To the extent a response is required, AEG denies the allegations.

193.    The allegations in Paragraph 193 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 140.  To the extent a response is required, AEG denies the allegations.

194.    The allegations in Paragraph 194 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 140.  To the extent a response is required, AEG denies the allegations.

195.    The allegations in Paragraph 195 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 140.  To the extent a response is required, AEG denies the allegations.

### ANTITRUST INJURY

196.    The allegations in Paragraph 196 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 140.  To the extent a response is required, AEG denies the allegations.

### SECOND CLAIM FOR RELIEF

### (Violation of Oregon Antitrust Law)

29 – ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT

197.    The allegations contained in Paragraph 197 relate to a claim that has been dismissed pursuant to the Court's March 14, 2019 Order granting Defendants' motion to dismiss. ECF No. 45 at 1.  To the extent a response is required, AEG denies the allegations.

198.    The allegations in Paragraph 198 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 197.  To the extent a response is required, AEG denies the allegations.

199.    The allegations in Paragraph 199 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 197.  To the extent a response is required, AEG denies the allegations.

200.    The allegations in Paragraph 200 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 197.  To the extent a response is required, AEG denies the allegations.

201.    The allegations in Paragraph 201 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 197.  To the extent a response is required, AEG denies the allegations.

202.    The allegations in Paragraph 202 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 197.  To the extent a response is required, AEG denies the allegations.

203.    The allegations in Paragraph 203, including the allegations in its subparts, relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 197.  To the extent a response is required, AEG denies the allegations.

204.    The allegations in Paragraph 204 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 197.   To the extent a response is required, AEG denies the allegations.

205.    The allegations in Paragraph 205 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 197.   To the extent a response is required, AEG denies the allegations.

## COUNT 1

### (ANTICOMPETITIVE ACTS IN THE PACIFIC NORTHWEST CONCERT PROMOTER MARKET)

206.    The allegations in Paragraph 206 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 197.   To the extent a response is required, AEG denies the allegations.

207.    The allegations in Paragraph 207 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 197.   To the extent a response is required, AEG denies the allegations.

208.    The allegations in Paragraph 208 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 197.   To the extent a response is required, AEG denies the allegations.

209.    The allegations in Paragraph 209 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 197.   To the extent a response is required, AEG denies the allegations.

210.    The allegations in Paragraph 210 relate to a claim that has been dismissed, and therefore, no response is required.    *See supra* Paragraph 197.    To the extent a response is required, AEG denies the allegations.

211.    The allegations in Paragraph 211 relate to a claim that has been dismissed, and therefore, no response is required.    *See supra* Paragraph 197.    To the extent a response is required, AEG denies the allegations.

212.    The allegations in Paragraph 212 relate to a claim that has been dismissed, and therefore, no response is required.    *See supra* Paragraph 197.    To the extent a response is required, AEG denies the allegations.

213.    The allegations in Paragraph 213 relate to a claim that has been dismissed, and therefore, no response is required.    *See supra* Paragraph 197.    To the extent a response is required, AEG denies the allegations.

214.    The allegations in Paragraph 214 relate to a claim that has been dismissed, and therefore, no response is required.    *See supra* Paragraph 197.    To the extent a response is required, AEG denies the allegations.

215.    The allegations in Paragraph 215 relate to a claim that has been dismissed, and therefore, no response is required.    *See supra* Paragraph 197.    To the extent a response is required, AEG denies the allegations.

216.    The allegations in Paragraph 216 relate to a claim that has been dismissed, and therefore, no response is required.    *See supra* Paragraph 197.    To the extent a response is required, AEG denies the allegations.

217.    The allegations in Paragraph 217 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 197.  To the extent a response is required, AEG denies the allegations.

218.    The allegations in Paragraph 218 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 197.  To the extent a response is required, AEG denies the allegations.

### COUNT 2

### (TYING)

219.    The allegations in Paragraph 219 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 197.  To the extent a response is required, AEG denies the allegations.

220.    The allegations in Paragraph 220 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 197.  To the extent a response is required, AEG denies the allegations.

221.    The allegations in Paragraph 221 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 197.  To the extent a response is required, AEG denies the allegations.

222.    The allegations in Paragraph 222 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 197.  To the extent a response is required, AEG denies the allegations.

223.    The allegations in Paragraph 223 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 197.  To the extent a response is required, AEG denies the allegations.

224.    The allegations in Paragraph 224 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 197.  To the extent a response is required, AEG denies the allegations.

225.    The allegations in Paragraph 225 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 197.  To the extent a response is required, AEG denies the allegations.

226.    The allegations in Paragraph 226 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 197.  To the extent a response is required, AEG denies the allegations.

227.    The allegations in Paragraph 227 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 197.  To the extent a response is required, AEG denies the allegations.

228.    The allegations in Paragraph 228 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 197.  To the extent a response is required, AEG denies the allegations.

229.    The allegations in Paragraph 229 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 197.  To the extent a response is required, AEG denies the allegations.

230.    The allegations in Paragraph 230 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 197.  To the extent a response is required, AEG denies the allegations.

231.    The allegations in Paragraph 231 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 197.  To the extent a response is required, AEG denies the allegations.

232.    The allegations in Paragraph 232 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 197.  To the extent a response is required, AEG denies the allegations.

**COUNT 3**

**(QUICK LOOK)**

233.    The allegations in Paragraph 233 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 197.  To the extent a response is required, AEG denies the allegations.

234.    The allegations in Paragraph 234 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 197.  To the extent a response is required, AEG denies the allegations.

235.    The allegations in Paragraph 235 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 197.  To the extent a response is required, AEG denies the allegations.

236.    The allegations in Paragraph 236 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 197.  To the extent a response is required, AEG denies the allegations.

237.    The allegations in Paragraph 237 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 197.  To the extent a response is required, AEG denies the allegations.

238.     The allegations in Paragraph 238 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 197.  To the extent a response is required, AEG denies the allegations.

## COUNT 4

### (HORIZONTAL RESTRAINT AMONG FESTIVALS)

239.     The allegations in Paragraph 239 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 197.  To the extent a response is required, AEG denies the allegations.

240.     The allegations in Paragraph 240 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 197.  To the extent a response is required, AEG denies the allegations.

241.     The allegations in Paragraph 241 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 197.  To the extent a response is required, AEG denies the allegations.

242.     The allegations in Paragraph 242 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 197.  To the extent a response is required, AEG denies the allegations.

243.     The allegations in Paragraph 243 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 197.  To the extent a response is required, AEG denies the allegations.

## COUNT 5

### (WEST COAST MARKET)

244.    The allegations in Paragraph 244 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 197.  To the extent a response is required, AEG denies the allegations.

245.    The allegations in Paragraph 245 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 197.  To the extent a response is required, AEG denies the allegations.

246.    The allegations in Paragraph 246 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 197.  To the extent a response is required, AEG denies the allegations.

247.    The allegations in Paragraph 247 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 197.  To the extent a response is required, AEG denies the allegations.

## COUNT 6

### (HUB AND SPOKE)

248.    The allegations in Paragraph 248 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 197.  To the extent a response is required, AEG denies the allegations.

249.    The allegations in Paragraph 249 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 197.  To the extent a response is required, AEG denies the allegations.

250.    The allegations in Paragraph 250 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 197.  To the extent a response is required, AEG denies the allegations.

251.    The allegations in Paragraph 251 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 197.  To the extent a response is required, AEG denies the allegations.

252.    The allegations in Paragraph 252 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 197.  To the extent a response is required, AEG denies the allegations.

## ANTITRUST INJURY

253.    The allegations in Paragraph 253 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 197.  To the extent a response is required, AEG denies the allegations.

## THIRD CLAIM FOR RELIEF

### (Restraint of Trade, Cal. Bus. & Prof. Code § 16720 *et seq.)*

254.    The allegations contained in Paragraph 254 relate to a claim that has been dismissed pursuant to the Court's March 14, 2019 Order granting Defendants' motion to dismiss. ECF No. 45 at 1.  To the extent a response is required, AEG denies the allegations.

255.    The allegations in Paragraph 255 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 254.  To the extent a response is required, AEG denies the allegations.

256.    The allegations in Paragraph 256 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 254.  To the extent a response is required, AEG denies the allegations.

257.     The allegations in Paragraph 257 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 254.  To the extent a response is required, AEG denies the allegations.

258.     The allegations in Paragraph 258 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 254.  To the extent a response is required, AEG denies the allegations.

259.     The allegations in Paragraph 259 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 254.  To the extent a response is required, AEG denies the allegations.

260.     The allegations in Paragraph 260, including all of its subparts, relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 254.  To the extent a response is required, AEG denies the allegations.

261.     The allegations in Paragraph 261 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 254.  To the extent a response is required, AEG denies the allegations.

262.     The allegations in Paragraph 262 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 254.  To the extent a response is required, AEG denies the allegations.

263.     The allegations in Paragraph 263 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 254.  To the extent a response is required, AEG denies the allegations.

264.    The allegations in Paragraph 264 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 254.  To the extent a response is required, AEG denies the allegations.

265.    The allegations in Paragraph 265 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 254.  To the extent a response is required, AEG denies the allegations.

266.    The allegations in Paragraph 266 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 254.  To the extent a response is required, AEG denies the allegations.

267.    The allegations in Paragraph 267 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 254.  To the extent a response is required, AEG denies the allegations.

268.    The allegations in Paragraph 268 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 254.  To the extent a response is required, AEG denies the allegations.

269.    The allegations in Paragraph 269 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 254.  To the extent a response is required, AEG denies the allegations.

270.    The allegations in Paragraph 270 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 254.  To the extent a response is required, AEG denies the allegations.

271.    The allegations in Paragraph 271 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 254.  To the extent a response is required, AEG denies the allegations.

272.    The allegations in Paragraph 272 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 254.  To the extent a response is required, AEG denies the allegations.

273.    The allegations in Paragraph 273 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 254.  To the extent a response is required, AEG denies the allegations.

274.    The allegations in Paragraph 274 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 254.  To the extent a response is required, AEG denies the allegations.

275.    The allegations in Paragraph 275 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 254.  To the extent a response is required, AEG denies the allegations.

276.    The allegations in Paragraph 276 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 254.  To the extent a response is required, AEG denies the allegations.

## COUNT 2

## (TYING)

277.    The allegations in Paragraph 277 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 254.  To the extent a response is required, AEG denies the allegations.

278.    The allegations in Paragraph 278 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 254.  To the extent a response is required, AEG denies the allegations.

279.    The allegations in Paragraph 279 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 254.  To the extent a response is required, AEG denies the allegations.

280.    The allegations in Paragraph 280 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 254.  To the extent a response is required, AEG denies the allegations.

281.    The allegations in Paragraph 281 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 254.  To the extent a response is required, AEG denies the allegations.

282.    The allegations in Paragraph 282 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 254.  To the extent a response is required, AEG denies the allegations.

283.    The allegations in Paragraph 283 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 254.  To the extent a response is required, AEG denies the allegations.

284.    The allegations in Paragraph 284 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 254.  To the extent a response is required, AEG denies the allegations.

285.    The allegations in Paragraph 285 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 254.   To the extent a response is required, AEG denies the allegations.

286.    The allegations in Paragraph 286 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 254.   To the extent a response is required, AEG denies the allegations.

287.    The allegations in Paragraph 287 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 254.   To the extent a response is required, AEG denies the allegations.

288.    The allegations in Paragraph 288 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 254.   To the extent a response is required, AEG denies the allegations.

289.    The allegations in Paragraph 289 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 254.   To the extent a response is required, AEG denies the allegations.

290.    The allegations in Paragraph 290 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 254.   To the extent a response is required, AEG denies the allegations.

## COUNT 3

## (QUICK LOOK)

291.    The allegations in Paragraph 291 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 254.   To the extent a response is required, AEG denies the allegations.

292.    The allegations in Paragraph 292 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 254.  To the extent a response is required, AEG denies the allegations.

293.    The allegations in Paragraph 293 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 254.  To the extent a response is required, AEG denies the allegations.

294.    The allegations in Paragraph 294 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 254.  To the extent a response is required, AEG denies the allegations.

295.    The allegations in Paragraph 295 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 254.  To the extent a response is required, AEG denies the allegations.

296.    The allegations in Paragraph 296 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 254.  To the extent a response is required, AEG denies the allegations.

## COUNT 4

### (HORIZONTAL RESTRAINT AMONG FESTIVALS)

297.    The allegations in Paragraph 297 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 254.  To the extent a response is required, AEG denies the allegations.

298.    The allegations in Paragraph 298 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 254.  To the extent a response is required, AEG denies the allegations.

299.    The allegations in Paragraph 299 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 254.  To the extent a response is required, AEG denies the allegations.

300.    The allegations in Paragraph 300 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 254.  To the extent a response is required, AEG denies the allegations.

301.    The allegations in Paragraph 301 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 254.  To the extent a response is required, AEG denies the allegations.

## COUNT 5

## (WEST COAST MARKET)

302.    The allegations in Paragraph 302 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 254.  To the extent a response is required, AEG denies the allegations.

303.    The allegations in Paragraph 303 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 254.  To the extent a response is required, AEG denies the allegations.

304.    The allegations in Paragraph 304 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 254.  To the extent a response is required, AEG denies the allegations.

305.    The allegations in Paragraph 305 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 254.  To the extent a response is required, AEG denies the allegations.

## COUNT 6

## (HUB AND SPOKE)

306.    The allegations in Paragraph 306 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 254.  To the extent a response is required, AEG denies the allegations.

307.    The allegations in Paragraph 307 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 254.  To the extent a response is required, AEG denies the allegations.

308.    The allegations in Paragraph 308 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 254.  To the extent a response is required, AEG denies the allegations.

309.    The allegations in Paragraph 309 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 254.  To the extent a response is required, AEG denies the allegations.

310.    The allegations in Paragraph 310 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 254.  To the extent a response is required, AEG denies the allegations.

## ANTITRUST INJURY

311.    The allegations in Paragraph 311 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 254.  To the extent a response is required, AEG denies the allegations.

**FOURTH CLAIM FOR RELIEF**

**(Intentional Interference with Prospective Economic Advantage under California Law)**

312.    In response to Paragraph 312, AEG incorporates by reference each of its responses to the allegations in Paragraph 1 through 311 set forth above. To the extent Paragraph 312 contains any factual allegations, AEG denies them.

313.    AEG lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 313, and therefore denies them.

314.    AEG lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in the first two sentences of Paragraph 314, and therefore denies them. AEG admits that Haytham Abdulhadi corresponded with Jennifer Yacoubian and Morgan Donly on November 14 and 15, 2017 and AEG states that the content of the emails speaks for itself. AEG denies any remaining allegations asserted in Paragraph 314.

315.    AEG denies the allegations contained in Paragraph 315.

316.    AEG denies the allegations contained in Paragraph 316.

317.    AEG denies the allegations contained in Paragraph 317.

318.    AEG denies the allegations contained in Paragraph 318.

319.    AEG denies the allegations contained in Paragraph 319.

320.    AEG denies the allegations contained in Paragraph 320.

321.    AEG denies the allegations contained in Paragraph 321.

322.    AEG lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted the second sentence of Paragraph 322, and therefore denies them. AEG denies the remaining allegations contained in Paragraph 322.

323.    AEG denies the allegations contained in Paragraph 323.

324.    AEG denies the allegations contained in Paragraph 324.

325.    AEG denies the allegations contained in Paragraph 325.

## FIFTH CLAIM FOR RELIEF

### (Intentional Interference with Contractual Relations under California Law)

326.    In response to Paragraph 326, AEG incorporates by reference each of its responses to the allegations in Paragraph 1 through 325 set forth above. To the extent Paragraph 326 contains any factual allegations, AEG denies them.

327.    AEG lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 327, and therefore denies them.

328.    AEG denies the allegations contained in Paragraph 328.

329.    AEG denies the allegations contained in Paragraph 329.

330.    AEG denies the allegations contained in Paragraph 330.

331.    AEG denies the allegations contained in Paragraph 331.

332.    AEG denies the allegations contained in Paragraph 332.

333.    AEG denies the allegations contained in Paragraph 333.

334.    AEG lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 334, and therefore denies them. AEG denies the remaining allegations contained in Paragraph 334.

335.    AEG denies the allegations contained in Paragraph 335.

336.    AEG denies the allegations contained in Paragraph 336.

337.    AEG denies the allegations contained in Paragraph 337.

338.    AEG denies the allegations asserted in Paragraph 338.

339.    AEG denies the allegations contained in Paragraph 339.

## SIXTH CLAIM FOR RELIEF

### (Intentional Interference with Economic Relations under Oregon Law)

340.    In response to Paragraph 340, AEG incorporates by reference each of its responses to the allegations in Paragraph 1 through 339 set forth above. To the extent Paragraph 340 contains any factual allegations, AEG denies them.

341.    AEG lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 341, and therefore denies them.

342.    AEG denies the allegations contained in Paragraph 342.

343.    AEG denies the allegations asserted in Paragraph 343.

344.    AEG denies the allegations contained in Paragraph 344.

345.    AEG denies the allegations contained in Paragraph 345.

346.    AEG lacks knowledge or information sufficient to form a belief as to the truth of the allegations asserted in the second sentence of Paragraph 346, and therefore denies them. AEG denies the remaining allegations asserted in Paragraph 346.

347.    AEG denies the allegations asserted in Paragraph 347.

348.    AEG denies the allegations contained in Paragraph 348.

349.    AEG denies the allegations contained in Paragraph 349.

350.    AEG denies the allegations contained in Paragraph 350.

351.    AEG denies the allegations contained in Paragraph 351.

## SEVENTH CLAIM FOR RELIEF

### (Unfair Competition, Cal. Bus. & Prof. Code § 17200 *et seq.*)

352.    The allegations contained in Paragraph 352 relate to a claim that has been dismissed pursuant to the Court's Minutes of August 19, 2020 Proceedings, granting in part

Defendants' motion to dismiss Plaintiff's claim VII, the California UCL claim.  ECF No. 62.  To the extent a response is required, AEG denies the allegations.

353.    The allegations in Paragraph 353 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 352.  To the extent a response is required, AEG denies the allegations.

354.    The allegations in Paragraph 354 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 352.  To the extent a response is required, AEG denies the allegations.

355.    The allegations in Paragraph 355 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 352.  To the extent a response is required, AEG denies the allegations.

356.    The allegations in Paragraph 356 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 352.  To the extent a response is required, AEG denies the allegations.

357.    The allegations in Paragraph 357 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 352.  To the extent a response is required, AEG denies the allegations.

358.    The allegations in Paragraph 358 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 352.  To the extent a response is required, AEG denies the allegations.

359.    The allegations in Paragraph 359 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 352.  To the extent a response is required, AEG denies the allegations.

360.    The allegations in Paragraph 360 relate to a claim that has been dismissed, and therefore, no response is required.    *See supra* Paragraph 352.    To the extent a response is required, AEG denies the allegations.

361.    The allegations in Paragraph 361 relate to a claim that has been dismissed, and therefore, no response is required.    *See supra* Paragraph 352.    To the extent a response is required, AEG denies the allegations.

362.    The allegations in Paragraph 362 relate to a claim that has been dismissed, and therefore, no response is required.    *See supra* Paragraph 352.    To the extent a response is required, AEG denies the allegations.

363.    The allegations in Paragraph 363 relate to a claim that has been dismissed, and therefore, no response is required.    *See supra* Paragraph 352.    To the extent a response is required, AEG denies the allegations.

364.    The allegations in Paragraph 364 relate to a claim that has been dismissed, and therefore, no response is required.    *See supra* Paragraph 352.    To the extent a response is required, AEG denies the allegations.

365.    The allegations in Paragraph 365 relate to a claim that has been dismissed, and therefore, no response is required.    *See supra* Paragraph 352.    To the extent a response is required, AEG denies the allegations.

366.    The allegations in Paragraph 366 relate to a claim that has been dismissed, and therefore, no response is required.    *See supra* Paragraph 352.    To the extent a response is required, AEG denies the allegations.

367.    The allegations in Paragraph 367 relate to a claim that has been dismissed, and therefore, no response is required.  *See supra* Paragraph 352.  To the extent a response is required, AEG denies the allegations.

368.    AEG states that Plaintiff purports to demand a trial by jury. To the extent that Plaintiff asserts any allegations in Paragraph 368, AEG denies those allegations.

## AEG'S AFFIRMATIVE DEFENSES

Pursuant to Federal Rule of Civil Procedure 8(c), AEG, without waiver, limitation, or prejudice, and without conceding that it bears the burden of proof or production, hereby asserts the following defenses:

## FIRST AFFIRMATIVE DEFENSE

### (Lack of Subject Matter Jurisdiction)

There is lack of subject matter jurisdiction because the matter in controversy does not exceed the sum or value of $75,000, and Plaintiff's claims should therefore be dismissed.

## SECOND AFFIRMATIVE DEFENSE

### (Causation)

Plaintiff's claims are barred, in whole or in part, because of a lack of causation, including without limitation because any injuries that may have been suffered were caused solely or proximately by the intervening and superseding acts and omissions of others over whom AEG has no power, authority, or control, including Plaintiff itself.

## THIRD AFFIRMATIVE DEFENSE

### (No Injury or Threatened Injury)

Plaintiff's claims are barred, in whole or in part, because Plaintiff has neither sustained nor is threatened by any injury in fact proximately caused by an act or omission by AEG.

### FOURTH AFFIRMATIVE DEFENSE

**(Lack of Standing)**

Plaintiff's claims are barred, in whole or in part, insofar as Plaintiff lacks standing to assert any or all of the claims alleged in the Second Amended Complaint, including any and all claims belonging to parties not named as plaintiffs in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

**(Failure to Join an Indispensable Party)**

Plaintiff has failed to join all parties necessary for a just adjudication of their purported claims, including third party artists whose ability to protect their own interests may be impaired or impeded by Plaintiff's action.

### SIXTH AFFIRMATIVE DEFENSE

**(Due Process)**

Plaintiff's Oregon and California state law claims are barred, in whole or in part, by the Due Process Clause of the United States Constitution, insofar as Plaintiff makes claims based on alleged conduct occurring outside the state of California and/or the state of Oregon.

### SEVENTH AFFIRMATIVE DEFENSE

**(No Damages; Speculative Damages)**

Plaintiff suffered no damages as a result of the acts alleged in its complaint, or, at minimum, Plaintiff is seeking to recover damages that are completely speculative in nature. Plaintiff has also waived any right to seek damages for its alleged injury by failing to assert a claim for such relief in the Complaint.

### EIGHTH AFFIRMATIVE DEFENSE

**(Mitigation)**

Plaintiff is not entitled to damages, or its damages should be reduced, because Plaintiff failed to take all necessary, reasonable, and appropriate actions to mitigate its alleged damages to the extent Plaintiff did not replace the Coachella artists it sought to perform at the Soul'd Out festival. To the extent Plaintiff did replace those artists, Plaintiff's damages must be offset by the damages that were mitigated.

## NINTH AFFIRMATIVE DEFENSE

### (Offset)

Any recovery Plaintiff seeks for any allegedly lost revenue should be limited by an offset of the expenses plaintiff would have incurred in producing or promoting the show.

## TENTH AFFIRMATIVE DEFENSE

### (No Entitlement to Injunctive Relief)

Plaintiff is not entitled to injunctive relief because the Court has dismissed Plaintiff's claims seeking injunctive relief, *see* ECF No. 62, Court's Minutes of August 19, 2020 Proceedings, granting in part Defendants' motion to dismiss Plaintiff's claim VII, the California UCL claim, and because any alleged injury to Plaintiff is not immediate or irreparable, is entirely self-inflicted, and Plaintiff has an adequate remedy at law. Plaintiff is also not entitled to injunctive relief because there are no contracts that currently exist to enjoin, so any grant of relief would be entirely speculative and encroach on the rights of parties not before the Court.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

The Second Amended Complaint and the purported causes of action contained therein fail, in whole or in part, to state a claim for which relief can be granted. For example, and without limitation, Plaintiff has not sufficiently asserted a claim that AEG interfered with any

alleged prospective economic relationship with Daniel Caesar, or that it knew about or intended to harm such relationship. Plaintiff has also failed to sufficiently allege that it has formed a contract with Tank and the Bangas.

## TWELVTH AFFIRMATIVE DEFENSE

### (Legitimate Business Justifications)

AEG alleges that, without admitting any liability whatsoever, at all times its conduct was reasonable and that its actions were undertaken in good faith to advance legitimate business interests and had the effect of promoting, encouraging, and increasing competition.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Protected Rights)

Plaintiff's claims are barred, in whole or in part, insofar as they challenge the exercise of rights protected by the First Amendment of the United States Constitution, and by the California or Oregon Constitutions.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Protected Rights – Contract)

Plaintiff's claims are barred, in whole or in part, insofar as Plaintiff makes claims or seek remedies that conflict with, are barred by, or are waived by the terms of AEG's agreements with third parties.  Plaintiff's claims are also barred, in whole or in part, to the extent that Plaintiff makes claims or seek remedies that conflict with Cal. Civ. Code § 3243, which allows for exclusivity provisions in personal services agreements where the contract is for a "unique and irreplaceable employee," such as Coachella artist agreements.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff's claims for injunctive relief are barred, in whole or in part, by the doctrine of unclean hands to the extent that Plaintiff's artist agreements also included any restrictive provisions. Plaintiffs claims are also barred because Plaintiff has attempted to intentionally interfere with AEG's artist contracts by soliciting artists to perform at Soul'd Out Music Festival during the same period as Coachella music festival.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Entitlement to Interest, Attorney's Fees or Costs)

Plaintiff is not entitled to interest, attorney's fees, or costs in connection with this action.

## ADDITIONAL DEFENSES AND COUNTERCLAIMS

AEG presently has insufficient knowledge or information to determine whether it may have additional, as yet unstated defenses and/or counterclaims. AEG has not knowingly and intentionally waived any applicable defenses and reserves the right to assert additional defenses and/or counterclaims as they become known to it through discovery in this matter. AEG reserves the right to amend this Answer to add, delete, or modify defenses and/or counterclaims based upon legal theories that may be or will be divulged through clarification of Plaintiff's Second Amended Complaint, through discovery, or through further legal analysis of Plaintiff's position in this litigation.

DATED: September 21, 2020.

CABLE HUSTON LLP

By:  s/ Casey M. Nokes
  Casey M. Nokes, OSB No. 076641
  cnokes@cablehuston.com
  1455 SW Broadway, Suite 1500
  Portland, OR 97201-3412
  (503) 224-3092 Telephone

  <u>Of Counsel:</u>
  Justin W. Bernick (Pro Hac Vice)
  justin.bernick@hoganlovells.com
  HOGAN LOVELLS US LLP
  555 Thirteenth Street, NW
  Washington, DC 20004
  202-637-5600 Telephone

  *Attorneys for Defendants Anschutz Entertainment Group, Inc.; The Anschutz Corporation; Goldenvoice, LLC; AEG Presents, LLC; and Coachella Music Festival, LLC*

57 – ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES IN REPLY TO SECOND AMENDED COMPLAINT** with the Clerk of the Court using the CM/ECF system which in turn automatically generated a Notice of Electronic Filing (NEF) to all parties in the case who are registered users of the CM/ECF system. The NEF for the foregoing specifically identifies the recipients of electronic notice.

DATED: September 21, 2020.

CABLE HUSTON LLP

By:   s/ Casey M. Nokes
         Casey M. Nokes, OSB No. 076641
         cnokes@cablehuston.com
         1455 SW Broadway, Suite 1500
         Portland, OR 97201-3412
         (503) 224-3092 Telephone

         *Attorneys for Defendants Anschutz Entertainment Group, Inc.; The Anschutz Corporation; Goldenvoice, LLC; AEG Presents, LLC; and Coachella Music Festival, LLC*